## 11413

### BAUGHMAN v. SOUTHERN RAILWAY CO.

#### (121 S. E., 356)

1. CARRIERS—CARRIER DELIVERING GOODS WITHOUT BILL OF LADING NOT LIABLE IN ABSENCE OF DAMAGE.—Where carrier delivered an order notifying shipment to the party to whom notice was to be given without receiving the bill of lading, but for its own protection required him to give his check for more than the invoice price, and later that party took up the draft, delivered the bill of lading to carrier, and attached the money in the hands of the bank as shipper's money, *held,* that shipper has no cause of action against carrier for delivering the goods without the bill of lading, or for surrendering the checks, as no damage was shown.

2. DAMAGES—DAMAGE CAUSED BY BREACH ESSENTIAL ELEMENT OF RECOVERY.—In an action for breach of contract plaintiff must not only prove the contract and its breach, but damage caused by the breach.

Before MEMMINGER, J., Barnwell, 1923. Reversed and remanded.

Action by L. J. Baughman against Southern Railway Company. Judgment for plaintiff and defendant appeals.

---

Note: On effect of issuance or nonissuance of bill of lading, see note in 22 A. L. R., 1002.

*Messrs. Harley & Blatt,* for appellant, cite: *Carrier not liable for delivery to consignee without production of bill of lading if loss suffered is not the result of failure to take up the bill:* 4 R. C. L., 481; 25 S. C., 224; 254 U. S., 538; 147 N. W., 54; 141 S. W., 1064; 166 N. W., 572.

*Messrs. Ninestein & Baxley,* for respondent, cite: *What constitutes wrongful delivery:* 98 S. E., 542; 73 S. E., 42; 87 S. E., 947; 76 Ga., 359. *What amounts to ratification of wrongful delivery:* 88 S. E., 95; 52 S. E., 802; 74 S. E., 754; 25 S. C., 216; 51 S. E., 695.

February 5, 1924.

The opinion of the Court was delivered by Mr. Justice Fraser.

In order to get a clearer view of the question at issue, some minor matters of detail will be omitted.

The plaintiff shipped a carload of cucumbers to himself to St. Paul, Minn., to order notify C. C. Emerson & Co. The plaintiff took the bill of lading to the bank, indorsed the bill of lading in blank, and attached a draft for $210.00 on C. C. Emerson & Co. When the shipment reached St. Paul over the C., B. & Q. Railway, the final carrier, this company notified C. C. Emerson & Co. The cucumbers were "perishable" and the C., B. & Q. Railway Company delivered the car to C. C. Emerson & Co. without the bill of lading, but required C. C. Emerson & Co. to give them a check for 125 per cent. of the invoice price. Some ten days later, C. C. Emerson & Co. paid the draft for $210.00, secured the bill of lading, and surrendered the bill of lading to the railway company and took up its check, which had been deposited with the railway company. It seems that there had been some previous transactions between the Emerson Company and the plaintiff, on which the Emerson Company claimed a balance. The Emerson Company garnisheed the money in the hands of the St. Paul bank, and the plaintiff lost his money and brought this action

against the Southern Railway Company, as the initial carrier, under the Federal statute.

The plaintiff claims that the Railway Company breached its contract in that it delivered the car to the Emerson Company without the bill of lading, and it thereby lost its money and is entitled to recover the amount of its loss.

At the close of the evidence the defendant moved for a direction of a verdict in its favor, on the ground that there was no evidence of loss to the plaintiff by reason of the premature delivery. This motion was refused. There are several questions made by the exceptions, but, in the view this Court takes of this case, only one question need be considered.

I. When there is an action for the breach of a contract, a plaintiff must not only prove the contract and its breach, but damages caused by the breach. To illustrate: A executes a deed to C and delivers it to B, taking a contract from B in which B agrees not to deliver the deed to C until C pays to B the full amount of the purchase money. C is allowed ten days in which to pay the money. B immediately delivers the deed to C without the money, and thereby B breaks his contract with A. The day after B delivers the deed to C and within the ten days, C pays the full purchase money to B, and B offers the money to A. It is elemental law that A has no right of action against B for the loss of the money, because A has lost no money. B has flagrantly and outrageously broken his contract with A, but A has no cause of action against B, because A has suffered no damage. B delivered the deed to C at his peril. The cases that hold that an agent violated the instructions of his principal at his peril do not mean that in all cases the agent shall pay damages. The peril referred to means that he must save his principal from loss, if there shall be a loss. His peril is that there may be a loss and the agent is liable for the loss. If there is no loss, then he has escaped the danger or peril that he assumed.

In this case the risk that the carrier ran was that Emerson & Co. might not pay the draft, but they paid it. The plaintiff says the carrier had in its possession a check for 125 per cent. of the invoice price, and they returned that to Emerson & Co. The carrier's contract was to carry the cucumbers to St. Paul and deliver them to Emerson & Co., when they procured the bill of lading. The collection of the money was not intrusted to the Railway Company, but to the bank. The plaintiff made the bank his agent to receive the money. When the money was paid to the bank, it was paid to the plaintiff, and on that theory it was attached. There is nothing in the case to show that the delay in receiving the bill of lading aided the garnishment proceedings. There is nothing in this case to show that the deposit of the check for 125 per cent. of the invoice price was for the benefit of the plaintiff. The plaintiff was not a party to that transaction, and complains of it.

The record shows no loss to the plaintiff as the result of the defendant's breach of its contract, and a verdict should have been directed for the defendant.

The judgment is reversed and a new trial ordered.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.