## 21157

Sadie G. SCHEIN, Individually and suing on behalf of all other Capital Note holders of American Bank & Trust, Respondents, v: Howard H. LAMAR, Jr., H. Ciremba Amick, Augustus T. Allen, Douglas R. Bryant, Sr., Robert B. Fickling, Dr. James H. Gressette by his Guardian *ad litem* Mary S. Gressette, Jack G. Vallentine, Marshall B. Williams, J. W. Wall, Jr., Albert E. Odom, William H. Grier, Luther H. Adden, Jr., Forrest K. Abbot, and Watt E. Smith, II, Appellants.

(263 S. E. (2d) 383)

330

*Douglas McKay, Jr.,* of *McKay, Sherrill, Walker & Townsend,* Columbia, *for defendant H. Ciremba Amick* and on behalf of all other appellants.

*Donald W. Tyler,* Columbia *for appellant Forrest K. Abbot.*

*Henry Hammer, Hammer & Bernstein,* Columbia, and *Lawrence M. Gressette,* of *Gressette & Gressette,* St. Matthews, *for appellants Augustus T. Allen, Luther H. Adden, Douglas R. Bryant, Sr., Dr. James H. Gressette by his G/A/L Mary S. Gressette, Jack G. Vallentine,* and *Marshall B. Williams.*

*Jeter E. Rhodes, Jr.,* of *Whaley, McCutchen and Blanton,* Columbia, *for appellant Robert E. Fickling.*

*J. Buford Grier,* of *Ward & Grier,* Rock Hill, *for appellants William H. Grier* and *J. W. Wall, Jr.*

*David L. Freeman,* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for appellants Howard H. Lamar, Jr.* and *Albert E. Odom.*

*Isadore E. Lourie,* of *Lourie, Curlee & Swerling,* Columbia, *for respondents.*

February 25, 1980.

*Per Curiam:*

This is an appeal from the order of the lower court judge which granted the respondent's motion to certify a class action and to allow her to represent the class, denied the motion by three of the defendants to be dismissed as parties, and granted the respondent's motion to amend her complaint.

The appellants opposed the class certification motion by asserting that fraud is not the proper subject of a class action. They have appealed the granting of the motion and additionally allege the trial judge erred by ruling on the merits of the case prior to the appellants' filing of an answer, demurrer or other pleading. The respondent has subsequently

filed a Motion to Dismiss the appeal based on our recent order in *Knowles et al. v. Standard Savings and Loan Association,* S. C., 261 S. E. (2d) 49.

We read the judge's order as purporting to only decide the allowance of the litigation to proceed as a class action. Although the lower court's reasoning is extensive, we do not interpret it as rendering a decision on the merits of the case, but rather as deciding only matters related to certification. We therefore agree with the respondent's motion that the issue of class certification which is sought to be raised on appeal is interlocutory and the appeal as to that issue should be dismissed. See *Knowles, supra.*

Appellants Abbott, Grier and Wall additionally allege error in the denial of their motion to dismiss them as defendants. The trial judge determined that these individuals have a sufficient adverse interest in the controversy to require them to remain as parties in the litigation. We find no abuse of discretion in his ruling and affirm the denial of the motion.

Finally, the appellants allege error on the part of the trial judge in allowing amendments to allege additional causes of action by the respondent against the directors for mismanagement and gross negligence. They contend on appeal that such action constituted error because it was in contravention of prior adjudication in a federal action.

We agree with the trial judge that the prior adjudication does not prevent the members of the class action from attempting to perfect an action for their personal losses. In allowing the amendment, the lower court properly exercised its discretion. Despite the appellants' contentions otherwise, we do not interpret his order as ruling on the viability of the causes involved.

Because of our disposition of these issues, we need not reach the other exceptions raised by the appellants.

Appeal dismissed in part and affirmed in part.

NESS and GREGORY, JJ., disqualified.