0365

Sadie G. SCHEIN, individually and on behalf of all other Capital Note Holders of American Bank & Trust, Respondents, v. Howard H. LAMAR, Jr., H. Ciremba Amick, Augustus T. Allen, Douglas R. Bryant, Sr., Robert B. Fickling, Dr. James H. Gressette by his guardian *ad litem* Mary S. Gressette, Jack G. Valentine, Marshall B. Williams, J. W. Wall, Jr., Albert E. Odom, William H. Grier, Luther H. Adden, Jr., Forrest K. Abbott, and Watt E. Smith, II, Appellants.

(325 S. E. (2d) 573)

Court of Appeals

*John Algar* and *J. Randolph Pelzer* of *Pelzer & Chard,* North Charleston, *Douglas McKay, Jr.,* of *McKay & McKay, Henry Hammer* of *Hammer & Bernstein, Jeter E. Rhodes, Jr.,* of *Whaley, McCutchen & Blanton, Donald W. Tyler,* Columbia, and *Terry E. Richardson, Jr.,* of *Blatt & Fales,* Barnwell, *for appellants.*

*Isadore E. Lourie* of *Lourie, Curlee, Swerling & Popowski* and *Randall M. Chastain,* Columbia, *for respondents.*

Heard Sept. 20, 1984.

Decided Jan. 14, 1985.

*Per Curiam:*

This action arises from the sale of certain capital notes of the American Bank & Trust Company (the Bank). Sadie Schein alleges she is the purchaser and holder of one of the notes. She seeks to bring a class action against the directors of the Bank (the Directors), for common law fraud, violation of the South Carolina Securities Act, negligence, and mismanagement, all of which she alleges caused her and other capital note holders similarly situated to suffer the loss of the value of their notes when the Bank became insolvent.

The case comes to us in a procedurally complicated posture. We recite only those facts relevant to our disposition of this appeal.

Schein commenced the action by a summons and complaint dated March 21, 1975, served on the several Directors at various times. On February 23, 1979, the circuit court granted Schein's motions for leave to file an amended complaint (the First Amended Complaint) and to certify the action as a class action. The Directors appealed that order. In *Schein v. Lamar*, 274 S. C. 329, 263 S. E. (2d) 383 (1980), the Supreme Court held that the order certifying the class action was interlocutory and nonappealable. The Court affirmed the order permitting amendment of the complaint on grounds not material to this appeal.

In March 1979 the several Directors filed demurrers, all identical in substance, to the First Amended Complaint. The demurrers challenged the sufficiency of the class action allegations of the First Amended Complaint as well as the sufficiency of its allegations of negligence, mismanagement, and fraud. On April 21, 1980, Schein moved to file a second amended complaint (the Second Amended Complaint).

The circuit court heard argument on the demurrers and the motion to file the Second Amended Complaint on May 1, 1980. The demurrers and the motion to amend were taken under advisement. On November 25, 1980, the circuit court issued an order sustaining in part the demurrers to the First Amended Complaint and overruling them in part. The November 25th order (the First Order) reserved decision on the motion to file the Second Amended Complaint until additional briefs had been submitted by the parties.

The Directors filed a notice of appeal from the First Order. On motion of Schein, the Supreme Court directed the appeal be held in abeyance until the circuit court had disposed of all remaining issues pending before it.

On March 26, 1982, the circuit court granted Schein's motion to file the Second Amended Complaint. An additional order correcting a clerical error in the March 26th order was filed on April 5, 1982. From these orders permitting Schein to file the Second Amended Complaint (the Second Order), the Directors also perfected an appeal.

Both the appeal from the First Order and the appeal from the Second Order are now before us for disposition. For the reasons which follow, we conclude the appeals should be dismissed for lack of an appealable issue.

An order permitting amendment of pleadings is interlocutory and generally is not appealable until final judgment. *See Buist v. Williams*, 83 S. C. 321, 65 S. E. 343 (1909); Section 14-3-330, Code of Laws of South Carolina, 1976. The appeal from the orders of March 26, 1982, and April 5, 1982, is accordingly premature and we dismiss it.

The rule against interlocutory appeals eliminates the delay and expense of fragmented appeals and permits the whole case to be presented for determination in a single appeal from a final judgment. The wisdom of this rule is forcefully demonstrated by the present case. This action was commenced almost ten years ago. It has already generated three separate appeals, even though there has been no joinder of issue on the merits. These appeals have accomplished little except to delay the action. None of them involves an issue which could not have been raised in an appeal from final judgment.

We also dismiss the appeal from the order of November 25, 1980, which ruled on the demurrers to the First Amendment Complaint. Since the First Amended Complaint has been superseded by the Second Amended Complaint, it is no longer the operative pleading in the case. Thus, any questions as to the sufficiency of the First Amended Complaint are now moot. Since responsive pleadings have not yet been filed to the Second Amended Complaint, no question of the sufficiency of that complaint is before us. Where the questions presented by an appeal are moot, the appeal will be dismissed. *See Wallace v. City of York*, 276 S. C. 693, 281 S. E. (2d) 487 (1981). Our dismissal of the appeal from the order of November 25, 1980, is without prejudice to the Directors' right to demur, answer, or otherwise plead to the Second Amended Complaint as amended by the order of April 5, 1982.

Appeals dismissed.