0570

James T. WINGARD, Jr., d/b/a Abear Homes, Respondent,
v. Ralph E. LEE, Appellant.

(336 S. E. (2d) 498)

Court of Appeals

*J. Dwight Hudson, P.A.*, Conway, *for appellant.*

*C. LaVaun Fox* and *William H. Burkhalter, Jr.*, of *Fox, Zier, Burkhalter & Hatcher*, Aiken, *for respondent.*

Heard Sept. 24, 1985.

Decided Oct. 31, 1985.

BELL, Judge:

This is a landlord-tenant dispute. The tenant, James T. Wingard, commenced suit against the landlord, Ralph E. Lee, seeking enforcement of certain rights under a long term lease of unimproved real property. Lee counterclaimed for damages and forfeiture of the lease, alleging Wingard had committed waste on the property by unreasonably cutting and selling merchantable timber. The circuit judge, sitting without jury, found no waste had been committed. However, he required Wingard to pay the proceeds from the sale of the timber to Lee. He also ordered Lee to forfeit one month's rent for failure to remove a mobile home from the premises as required by the lease. Lee appeals. We affirm in part and reverse in part.

In December 1982, Lee executed a written lease of 43.96 acres of unimproved land to Wingard for a term of twenty-five years, renewable at Wingard's option for up to twenty-five additional years. Both parties understood that Wingard was leasing the land to develop it into a mobile home park. The lease gave Wingard "the right to make such improvements to the demised premises as he deems advisable," and required him to bear all costs of construction.

Shortly after the lease was executed, Wingard took possession of the property and began clear cutting the timber to prepare the site for development of the mobile home park. At trial, Wingard's expert witness, a construction engineer, testified it was necessary to cut the trees in order to develop drainage, roads, utilities, and space for the mobile homes. He stated that selective cutting involves "prohibitive expense," and that it is better from the standpoint of developing the property to clear the land completely, landscape it, and replant trees. Lee admitted the property could not be developed as a mobile home park without cutting trees. His expert witness, a professional forester, viewed the property

and testified: "The cutting operation was fairly typical for that type operation."

When Lee discovered Wingard was clear cutting and selling the timber, he became upset and attempted to stop the clearing operation. He refused to remove a mobile home from the property, as called for by the lease. Through his attorney, he gave Wingard notice that he wished to terminate the lease. As a result, Wingard ceased cutting the timber and commenced this action to restrain Lee from interfering with his quiet enjoyment of the premises and to require Lee to remove the mobile home from the property. Lee counterclaimed, alleging Wingard was committing waste on the property. He sought forfeiture of the lease and money damages for the value of the cut timber.

I

The main issue on appeal is whether the evidence supports the circuit court's finding that Wingard did not commit waste on the property.

At common law, waste is any permanent injury to ■■ lands, houses, gardens, trees, or other corporeal hereditaments done or permitted by the tenant of an estate less than a fee to the prejudice of him in reversion or remainder. *Thomas v. Thomas,* 166 N. C. 627, 82 S. E. 1032 (1914). Waste may be committed by acts or omissions which tend to the lasting destruction, deterioration, or material alteration of the freehold and the improvements thereto or which diminish the permanent value of the inheritance. Whether particular acts or omissions constitute waste depends on matters of fact, including: the nature, purpose, and duration of the tenancy; the character of the property; whether the acts complained of are related to the use and enjoyment of the property; whether the use is reasonable in the circumstances; and whether the acts complained of are reasonably necessary to effectuate such use. *See McCord v. Oakland Quicksilver Min. Co.,* 64 Cal. 134, 27 P. 863 (1883).

If acts which might otherwise amount to waste are ■■ expressly or impliedly authorized by the instrument creating the tenancy, a tenancy without impeachment of waste is created. In such cases, the tenant is not liable for waste, as long as he does not act unreasonably, maliciously, or unconscionably to destroy the estate. *Derham v. Hovey,*

195 Mich. 243, 161 N.W. 883, 21 A.L.R. 999 (1917). Similarly, acts which might otherwise amount to waste by a tenant do not constitute waste if the landlord assents to them. *United States Trust Company v. Commonwealth*, 348 Mass. 378, 204 N.E. (2d) 300 (1965).

In this case, the circuit judge correctly held Wingard was not liable for waste. The land in question was an unimproved tract covered with trees. Lee knew the property was being leased for the specific purpose of developing a mobile home park and he assented to its use for that purpose. The land could not be developed without cutting trees. Thus, the acts complained of were related to an authorized use of the property and were reasonably necessary to effectuate that use. Moreover, the lease expressly permitted Wingard to make whatever improvements to the premises he deemed advisable. This language imported a leasing without impeachment of waste. If Wingard deemed it advisable to clear cut the land, he incurred no liability for waste, unless he acted unreasonably, maliciously, or unconscionably to destroy the estate.

The evidence at trial was sufficient to establish the reasonableness of Wingard's conduct in the circumstances. Clear cutting timber was shown to be a common method of preparing a site for development. Lee's own expert witness described what Wingard had done as "fairly typical for that type operation." There was testimony that clear cutting was the most economically efficient method for preparing the development site. Selective cutting was said to be prohibitively expensive. Lee introduced no evidence that the reversionary interest would be permanently damaged or diminished in value by clearing the land. Indeed, his expert conceded the tract would be more valuable as a mobile home park than as timber land. He did not contend Wingard acted maliciously or for a purpose other than adapting the land for its intended use as a mobile home park. Accordingly, he failed to prove Wingard was liable for committing waste.

## II

At trial, Lee's expert testified that the value of the timber Wingard cut was $2,600. Lee claims the circuit court erred in failing to award him this sum as

damages. Since Wingard committed no waste on the property, this contention is without merit. At common law, growing timber is the property of the owner of the inheritance. *See Lewis v. Virginia-Carolina Chemical Co.*, 69 S. C. 364, 48 S. E. 280 (1904); *Derham v. Hovey, supra.* However, the effect of a leasing without impeachment of waste is to transfer property in the timber to the lessee, giving him the same right to cut and sell it as the owner of the inheritance. *Derham v. Hovey, supra; Sallee v. Daneri*, 49 Cal. App. (2d) 324, 121 P. (2d) 781 (1942). For this reason, Lee was not entitled to recover damages for the cut timber. His exception to the amount of damages is, therefore, overruled.

### III

Lee's final exception concerns that portion of the circuit court's decree ordering him to forfeit one month's rent for failure to remove his mobile home from the premises as required by the lease. In his complaint, Wingard prayed for specific enforcement of this provision. He neither pleaded nor proved any money damages resulting from Lee's refusal to remove the mobile home.

A judgment or decree, whether in law or equity, must accord with and be warranted by the pleadings and proof of the party in whose favor it is rendered. *Parker Peanut Co. v. Felder*, 207 S. C. 63, 34 S. E. (2d) 488 (1945). It was error for the circuit court to grant monetary relief when no money damages were prayed for and none were proven. *Id.* We reject Wingard's argument that forfeiture of the rent provided an appropriate "incentive" to insure compliance with the provision for removal of the mobile home. The court's final decree ordered Lee to remove the mobile home from the premises. If he failed to obey that order, it could be enforced by a civil contempt proceeding. No further "incentive" was needed to insure compliance.

For the reasons stated, that portion of the decree ordering Lee to forfeit one month's rent is reversed. The decree is otherwise affirmed.

Affirmed in part; reversed in part.

SHAW and CURETON, JJ., concur.