1234

Bruce JACKSON and Ethel B. Jackson, Respondents v. The MIDLANDS HUMAN RESOURCES CENTER, Sam Washington, Executive Director, Edna Horton, Personnel, Ethel Holmes, Secretary, Sarah Patterson, Head Start Director, All individually and as Agents Employees and/or servants of the Midlands Human Resources Center, Perrin Thomas Head-start, of whom All are appellants except Ethel Holmes, who is a defendant.

(374 S. E. (2d) 505)

Court of Appeals

Luther J. Battiste, III and Clifford Scott, Columbia, for appellants.

J. Carolyn Stringer, Columbia, for respondents.

Heard Sept. 19, 1988.

Decided Oct. 31, 1988.

BELL, Judge:

This is an action for breach of contract. The circuit court entered a default against the defendants after they failed to answer the complaint. The court then conducted the separate damages hearing required by *Howard v. Holiday Inns, Inc.*, 271 S. C. 238, 246 S. E. (2d) 880 (1978). At the conclusion of the hearing, the court entered judgment for plaintiffs, Bruce and Ethel Jackson, in the sum of $39,650.00. The defendants Midlands Human Resources Center, Sam Washington, Edna Horton, and Sarah Patterson appeal. We reverse and remand.

This lawsuit has its origins in a miscarried fundraising project. In 1982, the Jacksons were leaders of an independent parents' organization affiliated with a preschool program (Head Start) conducted under the auspices of Midlands. The organization decided to raise money for the school by having parents and children sell liquid soap. At the end of the project, the parents' organization owed the supplier of the soap a balance of approximately $1500. When the money was not paid, the supplier sued the Jacksons and obtained a judgment against them in early 1983. According to the Jacksons, Midlands agreed to pay the judgment on their behalf. In June 1986, the Jacksons discovered that Midlands had not satisfied the judgment, as promised. Thereafter, they commenced this suit.

The Jacksons sought general damages for the amount of the unpaid judgment and special damages for an alleged loss they incurred when they were unable to sell their house because the unpaid judgment constituted a lien on the prop-

erty making their title unmarketable.

Midlands concedes the general damages claim. It contests the special damages on the ground that the Jacksons did not prove the amount of their loss on the aborted sale. A few additional facts are necessary to understand the special damages issue.

In 1980, the Jacksons purchased a house on Meadowood Drive in Columbia. They financed the transaction with a purchase money mortgage. In December 1982, they first defaulted on their mortgage payment. In 1985, they moved to a rented house on Kilbourne Road. From then on, they made no further payments on Meadowood Drive.

In June 1986, the mortgagee commenced foreclosure proceedings against the house on Meadowood Drive. Earlier the Jacksons placed the house on the market. They obtained a contract to sell it with closing set for June 30, 1986. The sale fell through when, along with other difficulties, the unpaid judgment against the Jacksons came to light.

The mortgagee agreed to extend the time for foreclosure so the Jacksons could resolve the unpaid judgment and attempt to resell the house. This time, the Jacksons entered a contract of sale with the Browns for a purchase price of $38,000, The Brown contract called for closing by December 30, 1986. When the Jacksons were unsuccessful in resolving the matter of the unpaid judgment with Midlands, the Brown contract also fell through. The mortgagee then proceeded with the foreclosure and the house was sold at a foreclosure sale in March 1987. The record does not contain any evidence of the amount of the successful bid.

The burden of proving damages for breach of a contract rests on the plaintiff. *Baughman v. Southern Railway Co.*, 127 S. C. 493, 121 S. E. 356 (1924). Where a plaintiff seeks special damages in addition to his general damages, he must plead and prove both the fact of damage and the amount of damage. *Kline Iron & Steel Co. v. Superior Trucking Co.*, 261 S. C. 542, 201 S. E. (2d) 388 (1973). If the plaintiff's proof is speculative, uncertain, or otherwise insufficient to permit calculation of his special damages, his claim should be denied. *See Piggy Park Enterprises, Inc. v. Schofield*, 251 S. C. 385, 162 S. E. (2d) 705 (1968).

In a default case, the plaintiff must prove by competent evidence the amount of his damages, and such proof must be by a preponderance of the evidence. *Howard v. Holiday Inns, Inc., supra.* Although the defendant is in default as to liability, the award of damages must be in keeping not only with the allegations of the complaint and the prayer for relief, but also with the proof that has been submitted. *Lewis v. Congress of Racial Equality,* 275 S. C. 556, 274 S. E. (2d) 287 (1981); *see also Renney v. Dobbs House, Inc.,* 275 S. C. 562, 274 S. E. (2d) 290 (1981) (it is incumbent upon the judge to make a judicial determination of the amount recoverable based on the proof). A judgment for money damages must be warranted by the proof of the party in whose favor it is rendered. *Wingard v. Lee,* 287 S. C. 57, 336 S. E. (2d) 498 (Ct. App. 1985).

In the case of a lost sale of a house, the proper measure of damages is the *difference* between the contract price and either (1) the fair market value of the house on the date of the breach or (2) the price at which the house is subsequently sold. *Bannon v. Knauss,* 282 S. C. 589, 320 S. E. (2d) 470 (Ct. App. 1984); *Benya v. Gamble,* 282 S. C. 624, 321 S. E. (2d) 57 (Ct. App. 1984); *Barr v. MacGlothlin,* 176 Va. 474, 11 S. E. (2d) 617 (1940). In this case, the Jacksons presented no evidence from which either differential could be calculated. Therefore, the judge should have denied their claim for special damages. Instead, he awarded them the full price on the Brown contract. This award was clearly excessive. At best, the Jackson's damages were no more than the .difference between the price on the Brown contract and the price obtained at the foreclosure sale. By awarding the full contract price without deduction, the judge committed an error of law.

For this reason, we reverse the award of special damages and remand for entry of judgment for the amount of the general damages only.

Reversed and remanded.

SHAW and CURETON, JJ., concur.