THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Holly C. Gamble,       
Appellant/Respondent,
 
 
 

v.

 
 
 
John M. Parker, Winston-Carlyle Inc. I
LLC, Winston-Carlyle Inc. Park 
 West LLC, Winston-Carlyle & Company Inc., and Southport Capital Corporation,       
Respondents/Appellants.
 
 
 

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2003-UP-592
Submitted September 8, 2003  Filed 
 October 9, 2003

AFFIRMED

 
 
 
James Emerson Smith, Jr., and Julianne Farnsworth, of Columbia, 
 for Appellant-Respondent.  
Mark Weston Hardee, of Columbia, for Respondents-Appellants.
 
 
 

PER CURIAM:  Holly Gamble sued respondents 
 (collectively, Winston-Carlyle) alleging five causes of action related to real 
 estate commissions.  Both Gamble and Winston-Carlyle appeal the circuit courts 
 order, which granted Winston-Carlyles motion for a directed verdict on four 
 of the causes of action and declared a mistrial on the fifth.  We affirm. [1] 
FACTS
Gamble began selling real estate for 
 Winston-Carlyle in both Columbia and Charleston after, she asserts, a Winston-Carlyle 
 representative convinced her to leave her employment with another company.  
 Gamble testified she and Winston-Carlyle agreed she would be paid 1.5% of all 
 sales she generated, receive a $3000 monthly draw based on future sales, and 
 receive a sales assistant.  Gamble admitted she would not be entitled to the 
 commission unless a closing resulted from the contract. 
Winston-Carlyle terminated Gamble and later sent 
 her a letter purporting to set out the terms of a settlement related to her 
 termination.  According to the letter, she would receive 0.4% of the gross sales 
 price for the Charleston contracts and 0.75% for the Columbia contracts she 
 generated while in their employ.  Gamble testified she generated a total of 
 80 contracts for Winston-Carlyle for which she did not receive the 1.5% compensation 
 she was originally promised.  Although she presented a spreadsheet listing these 
 properties, Gamble failed to submit copies of the sales contracts or evidence 
 the sales on these properties had ever closed.  However, Gamble acknowledged 
 on cross-examination that information about whether the contracts had closed 
 was available to the public.  
In this action, Gamble alleged violation 
 of the South Carolina Payment of Wages Act, 
 [2] breach of contract, fraudulent misrepresentation, fraud, and unjust 
 enrichment.  Gamble claimed damages in the amount of $124,553.87  the amount 
 she would have earned from a 1.5% commission on the 80 sales contracts.  At 
 the close of Gambles case, the circuit court granted Winston-Carlyles motion 
 for directed verdict on all her causes of action except unjust enrichment.  
 The circuit court found Gamble did not provide adequate evidence from which 
 damages could be calculated  that is, Gamble did not prove the 80 sales contracts 
 had actually closed.  The circuit court ordered a mistrial on Gambles unjust 
 enrichment action because it concluded it had improperly excluded evidence related 
 to damages on that claim.  
STANDARD OF REVIEW
In deciding whether to grant or deny a directed 
 verdict motion, the trial court is concerned only with the existence or non-existence 
 of evidence.  Sims v. Giles, 343 S.C. 708, 714, 541 S.E.2d 857, 861 
 (Ct. App. 2001).  The trial courts ruling will be sustained unless it lacks 
 evidentiary support.  Sabb v. South Carolina State Univ., 350 S.C. 
 416, 427, 567 S.E.2d 231, 236 (2002).  
LAW/ANALYSIS
A.      Gambles appeal

1.       Burden of proof

Gamble argues the circuit court erred 
 in granting a directed verdict on her breach of contract claim, asserting she 
 set forth a prima facie case on each claim.  We disagree.  
Gamble testified about generating 80 sales contracts 
 using a spreadsheet listing the properties for which she generated contracts.  
 However, Gamble provided absolutely no proof that any of the contracts she was 
 responsible for generating and on which she sought commissions were actually 
 closed.  Gamble herself testified that pursuant to the agreement with Winston-Carlyle 
 she was not entitled to be paid until there was a closing pursuant to the contracts 
 that were entered into.  See Champion v. Whaley, 280 S.C. 116, 
 119, 311 S.E.2d 404, 406 (Ct. App. 1984) (The broker and the owner may . . 
 . make the brokers right to the commission contingent upon the occurrence of 
 certain conditions.).  
Not only was it incumbent upon Gamble to prove 
 the closing in order to prove the breach of contract, the burden was on Gamble 
 to provide evidence of closings in order to prove her damages.  The burden 
 of proving damages for breach of a contract rests on the plaintiff.  Jackson 
 v. Midlands Human Res. Ctr., 296 S.C. 526, 528, 374 S.E.2d 505, 506 (Ct. 
 App. 1988).  Thus, without proof that the sales contracts resulted in closings, 
 Gamble could not establish either a breach of her commission agreement or the 
 extent of damages.
Gamble also argues the court erred in denying her 
 directed verdict motion on her Payment of Wages Act claim.  This argument fails 
 for the same reason as her argument regarding her breach of contract claim.  
 Because she has not established what, if any, compensation was wrongfully withheld, 
 the court properly granted Winston-Carlyles motion for a directed verdict.  
 See Dumas v. InfoSafe Corp., 320 S.C. 188, 194, 463 S.E.2d 641, 
 645 (Ct. App. 1995) ([T]he South Carolina Payment of Wages Act is remedial 
 legislation designed to protect working people and assist them in collecting 
 compensation wrongfully withheld.). 

2.       Exclusion of evidence

Gamble argues the circuit court erred in excluding 
 evidence related to her breach of contract action.  Specifically, Gamble argues 
 the court should have admitted (1) evidence of prior employment agreements and 
 industry standards and (2) an annotated copy of the spreadsheet she offered 
 regarding sales contracts she generated. 
 [3]   However, the circuit court explained its reasoning in excluding this 
 evidence.  The court did not allow evidence of prior employment or industry 
 practices because the complaint concerned whether Winston-Carlyle violated the 
 terms of the specific agreement with Gamble.  The spreadsheet was excluded because 
 Gamble had annotated it with a series of notes approximately one week before 
 trial.  
The admission or exclusion of evidence is a matter 
 within the sound discretion of the trial court and absent clear abuse, will 
 not be disturbed on appeal.  Gamble v. Intl Paper Realty Corp., 323 
 S.C. 367, 373, 474 S.E.2d 438, 441 (1996).  To warrant reversal for the exclusion 
 of evidence, the appellant must show both the error of the ruling and resulting 
 prejudice.  Recco Tape & Label Co. v. Barfield, 312 S.C. 214, 216, 
 439 S.E.2d 838, 840 (1994).  
Gamble did not demonstrate that she was prejudiced 
 by the circuit courts decision to exclude certain evidence.  Although Gamble 
 wanted to introduce evidence of her past employment history and industry practices, 
 she did not state what she hoped to achieve with the admission of such evidence.  
 This case involves the specific terms of her employment agreement with Winston-Carlyle 
  examination of a prior employment agreement would not have shed light on this 
 issue.  Similarly, Gamble did not show the prejudicial effect of the exclusion 
 of the annotated spreadsheet.  Gamble made the notations approximately one week 
 before trial.  The notations simply indicated which sales contracts were generated 
 by Gamble  they do not indicate whether any of the contracts had closed.  Because, 
 as discussed above, this information would have not been sufficient to establish 
 breach or damages, Gamble cannot prove prejudice flowing from its exclusion.  
 Accordingly, the circuit court did not err in granting Winston-Carlyle a directed 
 verdict on Gambles breach of contract claim.
B.      Winston-Carlyles appeal
Winston-Carlyle argues the circuit court erred 
 in denying its motion for a directed verdict on Gambles unjust enrichment claim.  

The trial 
 court granted a mistrial on the unjust enrichment action, reasoning that it 
 had erred in excluding evidence.  Because there was no final judgment, the courts 
 denial of Winston-Carlyles directed verdict motion on this action is not appealable.  
 South Carolina Code section 14-3-330 (1976 & Supp. 2002) provides that only 
 final judgments and limited interlocutory appeals including those involving 
 the merits of the case or affecting a substantial right are directly appealable.  
 See also Rule 201(a), SCACR (stating an appeal may be taken only from 
 a final judgment or appealable order.); Cf. Olson v. Faculty House 
 of Carolina, Inc., 354 S.C. 161, 167-68, 580 S.E.2d 440, 443-44 (2003) (holding 
 denial of motion for summary judgment is not appealable); Ballenger v. Bowen, 
 313 S.C. 476, 477-78, 443 S.E.2d 379, 380 (noting denial of summary judgment 
 motion does not finally determine anything about the merits of the 
 case and thus is not appealable).  
 AFFIRMED.
STILWELL, HOWARD, and KITTREDGE, JJ., concur.

 
 [1]        We decide this case without oral argument pursuant to 
 Rule 215, SCACR.

 
 [2]        S.C. Code Ann. §§ 41-10-10 to -110 (Supp. 2002).  

 
 [3]        Gamble also argues (1) Winston-Carlyle destroyed several 
 documents and (2) the circuit court erred in failing to rule on a motion to 
 compel discovery.  However, these issues are not proper for our review.  First, 
 the issue of the destruction of documents was raised without supporting authority.  
 See First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 
 513, 514 (1994) (holding the failure to provide arguments or supporting authority 
 for an issue renders it abandoned).  Second, Gamble did not move for a continuance 
 in order to pursue discovery.  See, e.g., Degenhart v. Knights 
 of Columbus, 309 S.C. 114, 118, 420 S.E.2d 495, 497 (1992) (stating whether 
 court erred in granting summary judgment while appellants had outstanding 
 motion to compel was not preserved when appellants failed to move for a continuance 
 and did not request motion for summary judgment be held in abeyance until 
 after ruling on discovery motion).