**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jones G. Herring, Respondent,

v.

Gilbert S. Bagnell and Bagnell & Eason, LLC, Appellants.

Appellate Case No. 2016-000772

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2017-UP-453
Submitted November 1, 2017 – Filed December 6, 2017

**AFFIRMED**

Richard R. Gleissner and Luke Richard Gleissner, both of Gleissner Law Firm, LLC, of Columbia, for Appellants.

Douglas Neal Truslow, of Truslow & Truslow, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the

findings of fact of the [circuit court] will not be disturbed upon appeal unless found to be without evidence which reasonably supports the [circuit court's] findings."); *Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 310-11, 594 S.E.2d 867, 873 (Ct. App. 2004) ("The [circuit court] has considerable discretion regarding the amount of damages, both actual and punitive. Because of this discretion our review on appeal is limited to the correction of errors of law. Our task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award." (citations omitted)); *Holy Loch Distribs., Inc. v. Hitchcock*, 340 S.C. 20, 26, 531 S.E.2d 282, 285 (2000) ("To prevail in a legal malpractice claim, the plaintiff must satisfy the following four elements: (1) the existence of an attorney-client relationship; (2) breach of duty by the attorney; (3) damage to the client; and (4) proximate causation of client's damage by the breach."); *Roche v. Young Bros., Inc., of Florence*, 332 S.C. 75, 81, 504 S.E.2d 311, 314 (1998) ("It is well settled that by suffering a default, the defaulting party is deemed to have admitted the truth of the plaintiff's allegations and to have conceded liability."); *Jackson v. Midlands Human Res. Ctr.,* 296 S.C. 526, 529, 374 S.E.2d 505, 506 (Ct. App. 1988) ("In a default case, the plaintiff must prove by competent evidence the amount of his damages, and such proof must be by a preponderance of the evidence."); *id.* ("[T]he award of damages must be in keeping not only with the allegations of the complaint and the prayer for relief, but also with the proof that has been submitted.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.