**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

CGBS Residential, LLC, Respondent,

v.

Christopher Briggs, Appellant.

Appellate Case No. 2016-002021

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

Unpublished Opinion No. 2018-UP-161
Submitted March 1, 2018 – Filed April 18, 2018

**AFFIRMED**

Benjamin Terrell Coppage, of Coppage Law Firm, LLC, of Beaufort, for Appellant.

James John Wegmann, of Weidner, Wegmann & Harper, LLC, of Beaufort, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Query v. Burgess*, 371 S.C. 407, 410, 639 S.E.2d 455, 456 (Ct. App. 2006) ("In an action at law, 'we will affirm the master[-in-equity]'s factual findings if there is any evidence in the record which reasonably supports them.'" (quoting

*Lowcountry Open Land Tr. v. State*, 347 S.C. 96, 101-02, 552 S.E.2d 778, 781 (Ct. App. 2001))); *Roche v. Young Bros., of Florence*, 332 S.C. 75, 81, 504 S.E.2d 311, 314 (1998) ("It is well settled that by suffering a default, the defaulting party is deemed to have admitted the truth of the plaintiff's allegations and to have conceded liability."); *Howard v. Holiday Inns, Inc.*, 271 S.C. 238, 242, 246 S.E.2d 880, 882 (1978) (finding a defaulting defendant admits liability but does not concede the damages set forth in the prayer for relief); *Jackson v. Midlands Human Res. Ctr.*, 296 S.C. 526, 529, 374 S.E.2d 505, 506 (Ct. App. 1988) ("In a default case, the plaintiff must prove by competent evidence the amount of his damages, and such proof must be by a preponderance of the evidence."); *id.* ("[T]he award of damages must be in keeping not only with the allegations of the complaint and the prayer for relief, but also with the proof that has been submitted.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.