**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Marjorie Faye Rickenbaker and Steve L. Rickenbaker, Respondents,

v.

Schumacher Homes of South Carolina, Inc., Appellant.

Appellate Case No. 2019-000598

———————

Appeal From Dorchester County
Walter H. Sanders, Jr., Special Referee

———————

Unpublished Opinion No. 2021-UP-243
Submitted June 1, 2021 – Filed June 30, 2021

———————

**AFFIRMED**

———————

M. Dawes Cooke, Jr. and Kenneth Michael Barfield, both of Barnwell Whaley Patterson & Helms, LLC, of Charleston; and Anna Louise Strandberg, of Greenville, NC, all for Appellant.

John E. Parker and William Franklin Barnes, III, both of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Hampton, for Respondents.

———————

**PER CURIAM:**  Schumacher Homes of South Carolina, Inc. (Schumacher) appeals the special referee's order awarding $71,249.99 in actual damages to Marjorie Faye Rickenbaker and Steve L. Rickenbaker (collectively, the Rickenbakers).  Schumacher argues the special referee (1) lacked subject matter jurisdiction to issue the award and (2) erred by awarding damages without evidence to support the award amount.[1]  We affirm.

1.  The circuit court properly issued an order of reference to a special referee pursuant to Rule 53(b), SCRCP.  *See* Rule 53(b) ("In an action where the parties consent, in a default case, or an action for foreclosure, some or all of the causes of action in a case may be referred to a master or special referee by order of a circuit judge or the clerk of court.").  We find that because Schumacher was in default, the circuit court had the discretion to refer the issue to a master *or* a special referee.  Additionally, section 15-31-150 of the South Carolina Code (Supp. 2020) provides that section 14-11-60 of the South Carolina Code (2017) does not preclude a circuit court from appointing a special referee, and Rule 53(b) explicitly states that a special referee may be appointed by order of the circuit court in default cases.  *See* § 15-31-150 ("The provisions of §§ 14-2-50, 14-11-10 to 14-11-90; 14-11-310; 15-31-10 to 15-31-80; 15-39-380 to 15-39-400, and 15-39-490 shall not be construed as preventing a circuit court from appointing a special referee in the manner as provided in § 15-31-140.[2] . . .  Special referees shall have the same authority as masters-in-equity and shall be accountable to the appointing court.").  Thus, the special referee had subject matter jurisdiction over the hearing and the power to conduct the hearing in the same manner as a circuit court.  *See Smith Cos. of Greenville, Inc. v. Hayes*, 311 S.C. 358, 360, 428 S.E.2d 900, 902 (Ct. App. 1993) ("When a case is referred to a [special referee], Rule 53(c)[, SCRCP,] gives the [special referee] the power to conduct hearings in the same manner as the circuit court, unless the order of reference specifies or limits his powers.").

---

[1] In its reply brief, Schumacher argued it was improper for the circuit court to appoint a special referee outside the county where the action was pending.  Because this issue was not raised in its initial brief, we find the issue was abandoned.  *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691-92 (Ct. App. 2001) (finding an issue abandoned when addressed in a conclusory manner in the initial brief).

[2] Section 15-31-140 was repealed by 1985 Act. No. 100, Section 2, eff. July 1, 1985.  It was replaced by Rule 53, SCRCP.  *See* § 15-31-150, Editor's Note; *1975 South Carolina Code of Laws Unannotated, Updated through the end of the 2000 Session*, South Carolina Legislature, www.scstatehouse.gov/Archives/CodeofLaws 2000/t15c031.php, last visited May 24, 2021.

2. The special referee did not err in determining the award for actual damages. *See Evatt v. Campbell*, 234 S.C. 1, 11, 106 S.E.2d 447, 452 (1959) ("Where an action at law is tried before a [s]pecial [r]eferee, . . . the findings of fact have the same . . . effect as the verdict of a jury, unless the [special referee] has committed some error of law leading him to an erroneous conclusion, or unless the evidence is reasonably susceptible of the opposite conclusion only, his finding of fact must be accepted by this [c]ourt."); *Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 202, 723 S.E.2d 597, 602 (Ct. App. 2012) ("Questions regarding credibility and weight of evidence are exclusively for the [special referee]."); *Mazloom v. Mazloom*, 382 S.C. 307, 320, 675 S.E.2d 746, 753 (Ct. App. 2009) ("If evidence in the record supports the award for actual damages, this [c]ourt will only review the award for errors of law."). Marjorie Rickenbacker testified regarding the amounts that she and her husband spent to repair the home due to mold damage and supplied names of the companies used and estimates for portions of the home that had yet to be repaired. Based on her testimony, we find evidence supported the requested amount of damages and the special referee properly awarded the Rickenbakers $71,249.99. *See Jackson v. Midlands Human Res. Ctr.*, 296 S.C. 526, 529, 374 S.E.2d 505, 506 (Ct. App. 1988) ("In a default case, the plaintiff must prove by competent evidence the amount of his damages, and such proof must be by a preponderance of the evidence."); *id.* at 529, 374 S.E.2d at 507 ("A judgment for money damages must be warranted by the proof of the party in whose favor it is rendered."); *Roche v. Young Bros., Inc., of Florence*, 332 S.C. 75, 86, 504 S.E.2d 311, 316 (1998) ("The conduct of the trial, including the admission and rejection of testimony, is largely within the [special referee's] sound discretion, the exercise of which will not be disturbed on appeal absent an abuse of that discretion or the commission of a legal error that results in prejudice for appellant.").

**AFFIRMED.**[3]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.