**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

200 River Landing Drive Phase I Condominium Association, Inc., and Steven Garcia and Janis Zomber, individually and on behalf of all others similarly situated, Respondents,

v.

Watkins Service, Inc., First Exteriors, LLC, Getulio Perela Chagas, FBM Construction, LLC d/b/a Fernando Monteiro, and John Doe Subcontractors or Material Suppliers 12-50, Defendants,

Of whom Getulio Perela Chagas is the Appellant.

Appellate Case No. 2023-001832

Appeal From Berkeley County
Bentley Price, Circuit Court Judge

Unpublished Opinion No. 2026-UP-168
Submitted October 1, 2025 – Filed April 8, 2026

**AFFIRMED**

Christopher Clinton Mingledorff, of Mingledorff Law Group, LLC, of Charleston, for Appellant.

Christopher Paul Deters, of Romeo Deters, LLC, and Jesse A. Kirchner and Michael A. Timbes, both of Thurmond Kirchner & Timbes, P.A., all of Charleston, for Respondents.

---

**PER CURIAM:** In this class action construction defect case, Getulio Perela Chagas appeals the circuit court's order awarding 200 River Landing Drive Phase I Condominium Association, Inc. (River Landing) and Steven Garcia and Janis Zomber, individually and on behalf of all others similarly situated (collectively, Respondents), $22,479,523 in damages against Chagas. Chagas argues the damages award should be set aside as harsh and unwarranted because it was not supported by a preponderance of the evidence. We affirm.

We hold the circuit court did not abuse its discretion in awarding Respondents $22,479,523 in damages because Chagas was not entitled to an apportionment of damages and the award amount was supported by evidence. *See Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 310, 594 S.E.2d 867, 873 (Ct. App. 2004) ("The [circuit court] has considerable discretion regarding the amount of damages, both actual or punitive."); *id.* (providing appellate review of a damages award "is limited to the correction of errors of law"); *id.* at 311, 594 S.E.2d at 873 (stating the task of appellate courts "in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award"). Initially, the circuit court's determination that Chagas admitted the allegations in Respondents' second amended complaint by way of default is the law of the case because Chagas did not appeal the circuit court's denial of his motion to set aside default. *See Lindsay v. Lindsay*, 328 S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997) ("[An] unchallenged ruling, 'right or wrong, is the law of the case and requires affirmance.'" (quoting *Buckner v. Preferred Mut. Ins. Co.*, 255 S.C. 159, 161, 177 S.E.2d 544, 544 (1970))). Specifically, Chagas admitted he was negligent, grossly negligent, and jointly and severally liable for the damages alleged in the second amended complaint. Moreover, in his final brief of appellant, Chagas does not challenge the circuit court's findings in its order of judgment that his negligence and gross negligence contributed to the indivisible damages and that he was jointly and severally liable. *See id.* ("Failure to challenge the ruling 'is an abandonment of the issue and precludes consideration on appeal.'" (quoting *Biales v. Young*, 315 S.C. 166, 168, 432 S.E.2d 482, 484 (1993))).

As to the damages award, we conclude Chagas was not entitled to apportionment because he admitted Respondents' allegations of gross negligence by way of

default and under section 15-38-15(F) of the South Carolina Code (Supp. 2025), apportionment is not available to a defendant who is determined to be grossly negligent.[1]  *See* § 15-38-15(F) (providing section 15-38-15 "does not apply to a defendant whose conduct is determined to be wilful, wanton, reckless, grossly negligent, or intentional"); *see generally Green v. McGee*, 446 S.C. 343, 351, 919 S.E.2d 903, 906 (2025) (holding defendants were jointly and severally liable for an actual damages award because "subsection 15-38-15(F) . . . prohibits the application of a 60/40 allocation of fault between [defendants when] the jury found both acted recklessly, willfully, and wantonly"); *Oaks at Rivers Edge Prop. Owners Ass'n v. Daniel Island Riverside Devs., LLC*, 420 S.C. 424, 442 n.5, 803 S.E.2d 475, 485 n.5 (Ct. App. 2017) (noting the circuit court did not err in denying a motion to apportion damages among appellants found grossly negligent).

As to the amount of damages, we conclude evidence supports the circuit court's $22,479,523 damages award.  *See Jackson v. Midlands Hum. Res. Ctr.*, 296 S.C. 526, 529, 374 S.E.2d 505, 506 (Ct. App. 1988) ("In a default case, the plaintiff must prove by competent evidence the amount of his damages, and such proof must be by a preponderance of the evidence."); *id.* ("Although the defendant is in default as to liability, the award of damages must be in keeping not only with the allegations of the complaint and the prayer for relief, but also with the proof that has been submitted."); *Roland v. Palmetto Hills*, 308 S.C. 283, 286, 417 S.E.2d 626, 628 (Ct. App. 1992) ("[T]he cost of repair or restoration is a valid measure of damages for injury to a building."); *Magnolia N. Prop. Owners' Ass'n v. Heritage Cmtys., Inc.*, 397 S.C. 348, 375, 725 S.E.2d 112, 126-27 (Ct. App. 2012) (holding expert witness testimony as to cost estimates and building diagnostics provided "a sufficiently reasonable basis of computation of damages" to support submission to the jury in a construction defect case).  At the damages hearing, Respondents presented the testimony of two expert witnesses, a scope of repair, and a cost estimate.  Respondents' architecture expert opined the water and termite damage to the 200 River Landing building resulted from Chagas's work and that the damage was indivisible because it was impossible to segregate the damage.  In addition, Respondents' construction and cost fee estimate expert prepared a cost estimate totaling $37,939,523 based on the architecture expert's report detailing the scope of repair needed to remedy the damage.  On cross-examination, Chagas questioned Respondents' expert witnesses only as to whether they could discern the work Chagas performed and how the work related to the prior settlement amounts; he

[1] Effective January 1, 2026, section 15-38-15(F) no longer includes gross negligence; however, the amended statute applies only to causes of action or claims arising or accruing after January 1, 2026.  *See* 2025 Act. No. 42, § 11.

did not question them as to the scope of work report and repair estimates. Further, the circuit court determined Chagas was entitled to a $15,460,000 setoff for the total settlement amounts Respondents received from all settling defendants as evidenced by the settlement agreements. *See Welch v. Epstein*, 342 S.C. 279, 312, 536 S.E.2d 408, 425 (Ct. App. 2000) ("A nonsettling defendant is entitled to credit for the amount paid by another defendant who settles."); *Palmetto Pointe at Peas Island Condo. Prop. Owners Ass'n v. Island Pointe, LLC*, 445 S.C. 543, 549, 915 S.E.2d 501, 505 (2025) ("A non-settling defendant's right to setoff arises by operation of law when the settlement funds are paid to compensate the same plaintiff on a claim for the same injury.").[2]

Based on the foregoing, we affirm the circuit court's order awarding Respondents $22,479,523 in damages against Chagas.

**AFFIRMED.**[3]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[2] Chagas's argument that the pleadings did not support the judgment amount is without merit. The second amended complaint defined Chagas as a subcontractor who worked on the subject construction project and detailed the specific work he allegedly performed. Respondents' allegations of negligence, gross negligence, and breach of the implied warranty of workmanlike service applied to the defined subcontractors, including Chagas. Therefore, because Chagas admitted these allegations by default and they related to the building damage Respondents' expert witness identified, the allegations contained in Respondents' second amended complaint related to the judgment. *See Roche v. Young Bros., of Florence*, 332 S.C. 75, 81, 504 S.E.2d 311, 314 (1998) ("It is well settled that by suffering a default, the defaulting party is deemed to have admitted the truth of the plaintiff's allegations and to have conceded liability."); *see also Schein v. Lamar*, 284 S.C. 252, 255, 325 S.E.2d 573, 574 (Ct. App. 1985) (finding a first amended complaint was no longer the operative pleading when a second amended complaint was filed).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.