## 21553

W. Lewis WALLACE, Respondent, v. The CITY OF YORK, William L. Boyd, individually and as Mayor *pro tempore* of the City of York, William Louis Love, Ernest Lester Terry, Melvin L. Roberts, William M. Miller, and James Lowry, individually and as Members of the City Council of the City of York, of Whom William L. Boyd and William Louis Love, as members of City Council of the City of York and individually; and Melvin L. Roberts and William M. Miller, individually herewith appeal, Appellants.

(281 S. E. (2d) 487)

*David A. White,* Rock Hill, *for appellants.*

*E. N. Zeigler,* Florence, *for respondent.*

*Atty. Gen. Daniel R. McLeod* and *Senior Asst. Atty. Gen. Karen LeCraft Henderson,* Columbia, on behalf of *Atty. Gen. Daniel R. McLeod* pursuant to the Uniform Declaratory Judgments Act.

August 19, 1981.

*Per Curiam:*

This appeal is from a circuit court order enjoining the City of York as well as the individual members of the City Council of York and their successors from conducting a public hearing to determine if respondent, as Mayor of York, should be forced to forfeit his office on the basis of several alleged violations of the Home Rule Act.

The City of York, acting through its City Council, has not appealed the lower court order and has attempted to totally withdraw from any further proceedings in the case by passing a resolution to that effect. The appeal is therefore based on any injury or prejudice suffered by appellants, who were individual members of the York City Council at the time the action was instituted. However, because the power to determine the grounds for forfeiture of office or to otherwise act resides in the Council as an entity and not in its individual members, *see* §§ 5-7-210, 5-13-30, S. C. Code (1976), the issues raised by appellants have been rendered moot. *See South Carolina Highway Dept. v. McKeown Food Store,* 254 S. C. 180, 174 S. E. (2d) 342 (1970) ; *Berry v. Zahler,* 220 S. C. 86, 66 S. E. (2d) 459 (1959). The function of appellate courts is not to give opinions on merely abstract or theoretical matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation. Accordingly, cases or issues which have become moot or academic in nature are not a proper subject of review. *See generally,* 5 Am. Jur. (2d) *Appeal and Error,* §§ 761, 762 (1962).

This appeal is therefore dismissed.