21688

Eunice JONES, Respondent, v. DILLON-MARION HUMAN RESOURCES DEVELOPMENT COMMISSION, Appellant.

(291 S. E. (2d) 195)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Victor S. Evans* and *Staff Atty. Grady L. Patterson, III,* Columbia, *for appellant.*

*Glenn B. Manning,* Bennettsville, and *Professor Walter A. Reiser, Jr.,* Columbia, *for respondent.*

April 7, 1982.

HARWELL, Justice:

Respondent began this action as a 42 U. S. C. § 1983 suit, alleging that appellant had deprived her of a due process hearing before it terminated her employment as a Head Start director. The trial court agreed and ordered appellant to provide her with a hearing.

Appellant held a hearing in respondent's presence and thereafter voted to reinstate her. However, pursuant to 45 C. F. R., Part 1303, Appendix B § 1.C(3) (Ref. Chart C), the Policy Council for the Head Start program also had to approve appellant's decision before respondent could be reinstated. Although respondent was invited to attend, she chose not to be present at the Policy Council meeting. Because the Policy Council unanimously agreed not to reinstate respondent, appellant's Personnel Committee convened pursuant to regulations to resolve the conflict between the Policy Council and appellant. Respondent was not invited to the meeting. The

Personnel Committee's recommendation not to reinstate respondent was adopted by appellant.

Respondent's appeal from that decision was treated by the trial court as an appeal from an administrative action. It concluded that there was no reasonable basis in the evidence to support appellant's decision not to reinstate respondent. Consequently, it ordered appellant to reinstate respondent to her previous position and to pay her lost wages and benefits, costs of the litigation, and attorneys' fees. Appellant appeals, alleging the trial court erred because it was not amenable to suit under 42 U. S. C. § 1983, respondent did not exhaust her administrative remedies before initiating the action, and the notice and oportunity to be heard guarantees of the 14th Amendment of the U. S. Constitution did not attach to its termination hearing.

In August 1981, after this appeal was filed, the appellant ceased to exist. During oral argument appellant's counsel stated that because his client no longer existed, there was no party before this Court against whom a judgment could be imposed. Subsequently, appellant's counsel furnished this Court with a copy of a letter from Governor Riley addressed to the regional director of Community Services Administration in which the Governor stated that under Section 242 of the Head Start Economic Opportunity and Community Partnership Act of 1974, he did not feel that refunding of appellant would be proper. The Community Services Administration had the authority to override the Governor's decision and fund the agency notwithstanding his decision, but declined to do so. The Counties of Dillon and Marion had previously withdrawn their financial support from appellant.

On August 19, 1981, under Section 516 of the Head Start Economic Opportunity and Community Partnership Act of 1974, Governor Riley informed the Regional Administrator for Human Development Services, Department of Health and Human Services (Administrator of the Head Start Program) in Atlanta, of his decision to oppose refunding of appellant by the Community Services Administration. The Governor noted that this decision would, effectively, prevent refunding of the Head Start Program through appellant be-

cause federal recognition of the program was forfeited by denial of the Community Services Administration grant. On or about August 31, 1981, the Department of Health and Human Services advised appellant that it would not be providing funds for the continued operation of the Head Start Program by appellant, thus ending the program's operation. In essence, appellant no longer functions. Therefore, the issues of the appeal are moot and academic. This Court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy. *Wallace v. City of York,* S. C., 281 S. E. (2d) 487 (1981).

A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy. This is true when some event occurs making it impossible for reviewing Court to grant effectual relief. Such is the situation here. *Mathis v. South Carolina Highway Dept.,* 260 S. C. 344, 195 S. E. (2d) 713 (1973).

Appeal dismissed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.