0504

In the Matter of ANGELA SUZANNE C., (a minor under the age of seventeen) Juvenile Petition No. 83-JU-28-127, Appellant.

(332 S. E. (2d) 542)

Court of Appeals

*Asst. Appellate Defender Tara D. Shurling, S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. John R. Justice,* Chester, *for respondent.*

Heard April 23, 1985.

Decided June 18, 1985.

CURETON, Judge:

This is an appeal from an order in a family court juvenile proceeding. The question presented on appeal is whether the family court committed error in holding the appellant Angela Suzanne in contempt of court and sentencing her to the custody of the South Carolina Department of Youth Services for a period of six months. We dismiss the appeal.

Angela is a fifteen-year-old female who has been involved with the Department of Youth Services for over four years. Prior to the charges in this case, she was found to be incorrigible and a truant. As a result, she was adjudged to be a chronic status offender, placed on probation, and enrolled in the Chronic Status Offenders Program.

In January 1983, Angela appeared before the family court

for violation of the terms of her probation. At that time she was continued on probation and placed in a group home. In the probation order, the trial judge set forth the conditions of Angela's probation which included regular school attendance.

In October 1983, Angela was again brought before the family court on a truancy charge and for violation of the terms of her probation. At this hearing, Angela admitted her truancy, but testified that at no time had she been advised that violation of the terms of her probation would subject her to incarceration in a correctionl institution operated by the Department of Youth Services.[1] Her testimony was substantiated by that of her probation counselor.

The trial judge found, *inter alia*, that Angela had knowingly and willfully violated the conditions of her probation. He further found that as a result of her prior participation in the Chronic Status Offenders Program, Angela understood that disobedience of the probation order would result in incarceration in a secure facility operated by the Department of Youth Services. Based on these findings, the trial judge found Angela in contempt and sentenced her to the custody of the Department of Youth Services for a period of six months.

On appeal Angela argues that the family court should not have held her in contempt and sentenced her to confinement in a secure facility because the record fails to show that (1) all less restrictive alternatives had been exhausted and (2) she understood that disobedience of the prior court order would constitute contempt and result in confinement in a secure facility. The State argues that the record amply demonstrates first, that all less restrictive alternatives had been exhausted and second, that Angela understood that the consequences of violation of the probation order included incarceration in a secure facility. Finally, the State argues

---

[1] S. C. Code Ann., Section 20-7-2205 (1976) provides that a child found guilty of violation of a law which would not be criminal if committed by an adult (status offense) or violates the conditions of probation for such an offense shall not be committed to the custody of a correctional institution operated by the Department of Youth Services. There was no objection to the sentence on the ground it could not be lawfully imposed pursuant to this statute. Thus, the issue of the propriety of the sentence is not before the court. *State v. Shumate*, 276 S. C. 46, 275 S. E. (2d) 288 (1981).

that since Angela has served her sentence, there is no meaningful relief this Court can grant her and under the holding of *In the Interest of Darlene C.*, 278 S. C. 664, 301 S. E. (2d) 136 (1983), this appeal is moot. Thus, the threshold question for our consideration is that of mootness.

It is settled law that this Court will not issue advisory opinions on questions for which no meaningful relief can be granted. *Jones v. Dillon-Marion Human Resources Development Commission*, 277 S. C. 533, 291 S. E. (2d) 195 (1982). In *Darlene C.*, under similar facts, our Supreme Court considered the question of mootness, but concluded that since the issue raised was "capable of repetition but evading review," it would decide the issues raised in the appeal, citing *Roe v. Wade*, 410 U. S. 113, 93 S. Ct. 705, 35 L. Ed. (2d) 147 (1973). In *Roe v. Wade*, an action challenging the constitutionality of a criminal statute prohibiting abortions at any stage of pregnancy except to save the life of the mother, the United States Supreme Court held that since the normal human gestation period is so short that a pregnancy comes to term before the appellate process is complete, and because "[p]regnancy often comes more than once to the same woman . . . [p]regnancy provides a classic justification for a conclusion of nonmootness."

In the case of *Sosna v. Iowa*, 419 U. S. 393, 95 S. Ct. 553, 42 L. Ed. (2d) 532 (1975), the United States Supreme Court reviewed in detail the historical developments of the mootness doctrine. The *Sosna* court decided that in the absence of a class action, the "capable of repetition, yet evading review" doctrine was limited to situations where two elements combine: (1) The challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.

Here, we have no trouble finding that the first element of the *Sosna* test has been satisfied. We are however, unable to glean from the record any demonstrated probability that Angela will ever again be sent to the custody of the Department of Youth Services and placed in a secure facility for violation of the terms of probation without her *knowing* that she could be so sentenced. We

thus hold that there is no reasonable expectation that Angela will be subjected to the same action again.

Having concluded that this case does not meet the non-mootness test in *Sosna*, we find it unnecessary to consider Angela's exceptions raised in this appeal. Accordingly, this appeal is

Dismissed.

GARDNER and BELL, JJ., concur.