0634

Frank HOWARD, Respondent v. Cotton BIBBS, Appellant.

(340 S. E. (2d) 566)

Court of Appeals

*Alvin Hinkle*, Columbia, *for appellant.*

*David B. Butler*, of *David B. Butler*, *P.A.*, Columbia, *for respondent.*

Heard Dec. 17, 1985.

Decided Feb. 13, 1986.

*Per Curiam:*

In this distress for rent action appellant Cotton Bibbs appeals the circuit judge's dismissal of the action for mootness because respondent Frank Howard had returned the property seized under the distress warrant. We affirm.

Howard obtained a distress warrant from a magistrate which directed the sheriff to distrain Bibbs' goods and chattels to collect two hundred dollars ($200.00), the rent due. The sheriff executed the warrant and returned it with a listing of the property he had distrained.

At a subsequent magistrate's hearing to set aside the distress warrant, Bibbs contended that his property was exempt from distraint pursuant to Section 15-41-200, 1976 Code of Laws of South Carolina, as amended which provides in pertinent part:

> The following real and personal property of a debtor ... shall be exempt from attachment, levy and sale under any mesne or final process issued by any court or bankruptcy proceeding:

> \* \* \*

> (3) The debtor's interest, not to exceed two thousand five hundred dollars in aggregate value in household furnishings, household goods, wearing apparel, appliances, books ... that are held primarily for the personal, family or household use of the debtor.

The magistrate ruled that the above statutory exemption did not apply to distress proceedngs. Bibbs appealed to the circuit court claiming this was error.

After the appeal was filed, Howard and Bibbs reached an accord and satisfaction and the property was returned to Bibbs. Howard then moved before the circuit court to dismiss the appeal on the ground of mootness. At the hearing on the motion, Bibbs claimed for the first time that in addition to his property's not being subject to seizure, all of his property had not been returned.

At the hearing the sheriff and Howard testified that all of Bibbs' property had been returned to him. While acknowledging that he told the sheriff all his property had been returned, Bibbs testified that after he arrived at home with his property, he discovered for the first time that some items were missing. Bibbs then attempted to testify that forty-eight items not listed on the distress warrant as having been distrained had not been returned to him. The trial judge refused to permit the testimony and ruled that items not listed on the warrant were not in issue.

The trial judge found as a fact that Bibbs "accepted re-delivery of all distrained goods." He concluded that this acceptance rendered moot the issue of the applicability of Code Section 15-41-200 to a distress proceeding. Bibbs raises on appeal the issues (1) whether the trial judge erred in finding that all of Bibbs' property was returned to him, and (2) whether the return of the property made moot the issues raised in the appeal to the circuit court.

■ As a general rule, where the evidence is conflicting, appellate courts will be bound by factual findings of the trial judge made in response to pretrial motions. *Askins v. Firedoor Corp.*, 281 S. C. 611, 615, 316 S. E. (2d) 713, 715 (Ct. App. 1984). Here there was conflicting evidence as to whether all distrained property had been returned. The trial judge's finding that the property had been returned is binding on this court. In so holding, we do not intimate whether other property not listed on the distress warrant was removed by the sheriff and not returned to Bibbs. We also do not decide whether Bibbs has a cause of action against an appropriate party for conversion or the wrongful distraint of his property.

Bibbs apparently concedes that there is ample evidence in the record to support the trial judge's findings that he received the goods listed on the distress warrant, but claims it was error for the judge to exclude his testimony regarding whether the unlisted items were returned. We disagree. Bibbs' appeal to the circuit court raised issues regarding the validity of the distress proceeding. Bibbs' principal argument is that the general exemption statute applies to distress proceedings[1]. While the trial court necessarily must have determined whether all distrained goods were returned before dismissing the appeal, it was not error for the court to refuse to consider whether goods not listed on the warrant were in fact returned.

Section 27-39-240, 1976 Code of Laws of South Carolina provides in part, "If the tenant fails or refuses to pay such rent with costs the officer shall distrain sufficient of the property upon the rented premises to pay such amount, giving the tenant a list in writing of the property distrained...."[2] Therefore, items not listed on the warrant were not legally distrained and it was not error for the trial judge to refuse to consider such items at the motion hearing.

The remaining issue then is whether the return of the legally distrained goods renders moot the question of the applicability of Code Section 15-41-200 to this proceeding. We hold it does. It is settled law that appellate courts will not issue advisory opinions for which no meaningful relief can be granted. *Jones v. Dillon-Marion Human Resources Development Commission*, 277 S. C. 533, 536, 291 S. E. (2d) 195, 196 (1982). The test for determining whether an issue is moot is whether the issue is "capable of repetition, yet evading review." *Roe v. Wade*, 410 U. S. 113, 93 S. Ct. 705, 35 L. Ed. (2d) 147 (1973); *In the Interest of Darlene C.*, 278 S. C. 664, 301 S. E. (2d) 136 (1983).

In the case of *In The Interest of: Angela Suzanne C.*, 286, S. C. 186, 332 S. E. (2d) 542 (Ct. App. 1985), this court

---

[1] While not necessary to this decision, we call the parties' attention to Code Section 27-39-230 which lists the property of a tenant exempt from distress. We also note that 49 Am. Jur. (2d) *Landlord and Tenant* Section 704 (1970); 35 C.J.S. *Exemptions* Section 124 (1960) and Op. Att'y Gen. 161 (1983) would appear to be contrary to appellant's position.

[2] The record reflects that the only effort of the sheriff to compile the list required in Code Section 27-39-240 is the list on the warrant.

adopted the formulation of the mootness doctrine as stated in the United States Supreme Court case of *Sosna v. Iowa,* 419 U. S. 393, 95 S. Ct. 553, 42 L. Ed. (2d) 532 (1975). *Sosna* holds that in the absence of a class action, the "capable of repetition, yet evading review" doctrine was limited to situations where two elements combine: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. 419 U. S. at 399-402, 95 S. Ct. at 557-58.

Here, we are unable to find that the facts of this case meet any of the elements of the *Sosna* test. Bibbs did not preserve the issues raised before the magistrate by permitting the distraint to continue until the circuit court ruled on the issues.[3] Instead, he settled the case by paying the rent and accepting return of the goods. Since we have affirmed the trial judge's findings that all of the legally distrained goods were returned, no case or controversy now exists relative to those goods and any opinion we rendered would be advisory only. *Wallace v. City of York,* 276 S. C. 693, 694, 281 S. E. (2d) 487, 488 (1981).

Accordingly, the order of the trial court is

Affirmed.

---

[3] By posting a bond pursuant to Section 27-39-310, 1976 Code of Laws of South Carolina, Bibbs could have freed his property from distress and yet preserved the issues raised before the magistrate.