0723

NOLAS TRADING CO., INC., Appellant v. SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Respondent.

(345 S. E. (2d) 507)

Court of Appeals

---

*Bradford W. Wyche* of *Wyche, Burgess, Freeman & Parham, P.A.,* Greenville, and *David E. Shipley,* Columbia, *for appellant.*

*John Harleston* and *Walton J. McLeod, III,* Columbia, *for respondent.*

Heard March 18, 1986.

Decided May 27, 1986.

BELL, Judge:

This case involves a challenge by Nolas Trading Company to certain regulations promulgated by the South Carolina Department of Health and Environmental Control. Nolas contends portions of the regulations were issued in violation of the Administrative Procedures Act and are therefore invalid. The circuit court held that the regulations were promulgated in accordance with the Act and that they were valid and effective "at this time." Nolas appeals. Because the regulations in question have been superseded by new regulations during the pendency of this appeal, we dismiss the case as moot.

On February 25, 1983, the Department published amendments to the State's Air Pollution Control Regulations, R. 61-62.1—61-62.7, Code of Laws of South Carolina, 1976, as amended. These amendments were made to comply with

federal requirements under the Clean Air Act, 42 U.S.C. § 7401 *et seq.* (1976, as amended). The Department took the position that the regulations did not require legislative approval under the Administrative Procedures Act[1] and were final with publication.

On April 8, 1983, Nolas instituted this action challenging the validity of the regulations on the grounds that (1) the Department had violated the notice and public hearing requirements of the Administrative Procedures Act in promulgating the regulations and (2) the Department failed to submit the regulations to the General Assembly for review as required by the Act.

The circuit court issued its order upholding the validity of the regulations on May 30, 1984.

During the pendency of this appeal, the Department substantially amended its regulations governing air pollution. On October 26, 1984, the Department gave notice of intended action on the proposed regulations by publication in the State Register. *See* Code Section 1-23-110(b)(1); 8 State Register 56 (1984). The amended regulations were submitted to the General Assembly for review. On May 24, 1985, the amended regulations became effective following approval by the General Assembly. 9 State Register 172 (1985).

The function of appellate courts is not to give opinions on abstract questions, but to decide actual controversies injuriously affecting the rights of some party to the litigation; accordingly, issues which have become moot are not a proper subject of review. *Wallace v. City of York*, 276 S. C. 693, 281 S. E. (2d) 487 (1981); *Grant v. Osgood*, 241 S. C. 104; 127 S. E. (2d) 202 (1962); *Berry v. Zahler*, 220 S. C. 86, 66 S. E. (2d) 459 (1951). A case becomes moot when judgment, if rendered, will have no practical legal effect upon an existing controversy. *Jones ·v. Dillon-*

---

[1] Section 1-23-120, Code of Laws of South Carolina, 1976, as amended, which provides, in pertinent part:

All regulations except those specifically exempted under this article shall be submitted to the General Assembly for review ...

General Assembly review shall not be required for regulations promulgated to maintain compliance with federal law.

*Marion Human Resources Development Commission*, 277 S. C. 533, 291 S. E. (2d) 195 (1982).

In this case, the challenged regulations have been superseded. Moreover, counsel for the Department tells us the Department has no interest in pursuing any enforcement action against Nolas for alleged violations of regulations prior to May 24, 1985. In these circumstances, the Court would be deciding an abstract question rather than a live controversy if it passed on the validity of regulations no longer in effect. Our decision would have no practical impact on the legal rights of Nolas. The issues raised by Nolas are, therefore, moot.

Where the questions presented by an appeal are moot, the appeal will be dismissed. *Schein v. Lamar*, 284 S. C. 252, 325 S. E. (2d) 573 (Ct. App. 1985).

Dismissed.

SANDERS, C. J., and GARDNER, J., concur.