1953

William L. BYERLY, III, individually, and as personal representative of the Estate of Louise M. Byerly; remaindermen McDonald Beasley Byerly; Elizabeth Dell Byerly Loewer and Roberta Shand, as guardian of Robert Wallace Shand Byerly, Respondents v. SOUTH CAROLINA NATIONAL BANK CORPORATION, Appellant.

(427 S.E. (2d) 715)

Court of Appeals

*Edward E. Saleeby*, Hartsville, *Phyllis B. Burkhard* and *Virginia L. Vroegop*, both of *Sinkler & Boyd*, Columbia, *for appellant.*

*Louis D. Nettles* and *Clifford C. McBride*, Florence, *for respondents.*

Heard Jan. 25, 1993; Decided Feb. 22, 1993.

Reh. Den. April 1, 1993.

*Per Curiam:*

Louise M. Byerly brought this action seeking an injunction for an alleged trespass to land against South Carolina National Bank Corporation. The circuit court found for Byerly and issued a mandatory injunction ordering SCN to remove a retaining wall and overhang that encroached on the property in question. SCN appeals. We vacate the decree of the circuit court.

At the time of trial, Byerly held a life estate in the property. During the pendency of SCN's appeal, she died. A life tenant who dies no longer has any right to injunctive relief, because death terminates her estate. *See Livingston v. Davis*, 243 Iowa 21, 50 N.W. (2d) 592 (1951).

Byerly's remaindermen were added as parties after commencement of the appeal. At oral argument, counsel for the parties agreed none of the remaindermen have any interest in continuing the injunction.

This action sought injunctive relief only. Since the original plaintiff no longer has any estate in the land to be protected by injunctive relief, and those parties now vested in possession do not seek an injunction to protect their interests in the land, no legal controversy is presented by this appeal. The function of appellate courts is not to give opinions on abstract questions, but to decide actual controversies touching the rights of some party to the litigation. Accordingly, issues which have become moot are not a proper subject of review. *Nolas Trading Co., Inc. v. South Carolina Department of Health and Environmental Control*, 289 S.C. 345, 345 S.E. (2d) 507 (Ct. App. 1986). Therefore, we vacate the decree of the circuit court granting the injunction.

Our disposition makes it unnecessary to reach the issue of SCN's alleged trespass on Byerly's property, since decision of that issue will have no practical effect on the question of injunctive. *See id.*

Vacated.