23950

William L. BYERLY, III, individually and as Personal Representative of the Estate of Louise M. Byerly; remaindermen McDonald Beasley Byerly; Elizabeth Dell Byerly Loewer; and Roberta Shand, as guardian of Robert Wallace Shand Byerly, Petitioners v. SOUTH CAROLINA NATIONAL BANK CORPORATION, Respondent.

(438 S.E. (2d) 233)

Supreme Court

*Louis D. Nettles* and *Clifford C. McBride,* Florence, *for petitioners.*

*Edward E. Saleeby,* Hartsville, *Phyllis B. Burkhard* and *Virginia L. Vroegop* both of *Sinkler & Boyd,* Columbia, *for respondent.*

Submitted Sept. 21, 1993.

Decided Nov. 8, 1993.

*Per Curiam:*

Petitioners ask this Court for a writ of certiorari to review the Court of Appeals' decision in *Byerly v. South Carolina National Bank Corporation,* — S.C. —, 427 S.E. (2d) 715 (Ct. App. 1993). We grant the petition for a writ of certiorari, dispense with further briefing, and affirm.

The circuit court granted the request by Louise M. Byerly for a mandatory injunction against respondent for an alleged trespass onto the property in which she held a life estate. During the pendency of respondent's appeal, Ms. Byerly died and the remaindermen were substituted as parties in the case. The Court of Appeals found that the death of Ms. Byerly rendered the matter moot and vacated the order of the circuit court. Petitioners, while not disputing the fact that the appeal is moot, contend that the Court of Appeals improperly vacated the order of the circuit court. We disagree.

In *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed 36 (1950), the United States Supreme Court held that it is the duty of the appellate court to reverse or vacate a judgment upon a finding that the case has become moot pending appeal. *See also, Duke Power Co. v. Greenwood County,* 299 U.S. 259, 57 S.Ct. 202, 81 L.Ed. 178 (1937). Such a course "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." *United States v. Munsingwear, Inc.,* 340 U.S. at 40, 71 S.Ct. at 107. The possibility of prejudice from the decision is eliminated by vacation of the judgment below. *Id.*

We find the logic of *Munsingwear* to be persuasive in a case, such as this one, which becomes moot through circumstances beyond the control of the appellant. It would be en-

tirely inequitable to deny the appellant review of an order because the matter has become moot through no fault of the appellant and yet leave the order in effect.

Accordingly, the Court of Appeals properly vacated the order of the circuit court in this matter upon a finding that it had become moot upon the death of Ms. Byerly pending appeal. The decision of the Court of Appeals is, therefore,

Affirmed.

HARWELL , C.J., and CHANDLER, J., not participating.