2347

In the Interest of KAUNDRA C., a minor under
the age of seventeen years, Appellant.
(458 S.E. (2d) 443)

Court of Appeals

*Chief Atty. Daniel T. Stacey,* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Alexandria B. Skinner,* and *Sol. Richard A. Harpootlian,* Columbia, *for respondent.*

Submitted May 2, 1995.

Decided May 30, 1995.

HOWARD, Judge:

Kaundra C. appeals her sentence following a guilty plea to the charge of contempt for violation of a family court order. Kaundra C. argues the family court improperly waived a reception and evaluation (R & E) period at the Department of Juvenile Justice (DJJ) as required by statute before sentencing. We vacate that portion of the sentence which committed Kaundra C. to DJJ.

On January 20, 1993, Kaundra received a sentence of probation and community service after she was adjudicated delinquent for shoplifting. On February 17 of that year, Kaundra C. was again adjudicated delinquent for carrying a weapon to school. She again received a sentence of probation and community service. This probationary period ended on September

24, 1993. Kaundra C. was committed to DJJ for an evaluation each time before sentencing.

On April 22, 1994, Kaundra C. pleaded guilty to contempt charges for violation of a juvenile court order requiring school attendance. She received a determinate sentence of five months and thirty days with probation and community service. At the hearing, the family court waived evaluation at the R & E center prior to imposing the sentence. The family court denied Kaundra C.'s motion for reconsideration, which asked that she be placed in the R & E center pursuant to S.C. Code Ann. § 20-7-2170 (Supp. 1994).

### I.

The State argues the issue of sentencing is moot because Kaundra C. has already served the determinate sentence. We must first address this threshold question of mootness.

This court will not issue advisory opinions on questions for which no meaningful relief can be granted. *Jones v. Dillon-Marion Human Resources Dev. Comm'n*, 277 S.C. 533, 291 S.E. (2d) 195 (1982). However, if the issue presented is "capable of repetition but evading review," we will address it. *In the Matter of Angela Suzanne C.*, 286 S.C. 186, 332 S.E. (2d) 542 (Ct. App. 1985). The "capable of repetition but evading review" doctrine is limited to situations in which (1) the challenged action was too short in its duration to be fully litigated prior to its cessation, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Id.* at 189, 332 S.E. (2d) at 544 (citing *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.E. (2d) 532 (1975)).

The first element of the doctrine is clearly satisfied. The inquiry thus becomes whether there is a reasonable expectation Kaundra C. may be subjected to the same action again. The action of which Kaundra C. complains is the imposition of a sentence of commitment to DJJ without the benefit of a temporary commitment for evaluation. Kaundra C. is sixteen years old and has been involved in the juvenile justice system since the end of 1992. With her current sentence, she will be on probation until she is eighteen. Should another violation of probation or of law occur, she will be faced with another adju-

dication. Under these circumstances it is reasonable to expect she may again be subjected to the alleged improper sentencing procedure. We therefore conclude the issue is not moot, and we will address the merits of her appeal.

## II.

S.C. Code Ann. § 20-7-2170 provides in pertinent part:

> The court, before committing a child as a delinquent or as a part of a sentence including commitments for contempt, shall first temporarily commit the child to the Department of Juvenile Justice for a period not to exceed forty-five days for evaluation, and the department shall make a recommendation to the court prior to final commitment. The committing judge may waive in writing temporary commitment in cases where the child concerned has within the past year either been evaluated by a center and the evaluation is available to the court or has within the past year been temporarily or finally discharged or conditionally released or paroled from a correctional institution of the Department of Juvenile Justice, and the child's previous evaluation or other equivalent information is available to the court.

If a statute is clear and unambiguous, the terms of the statute must be given their literal meaning. *Holley v. Mount Vernon Mills, Inc.*, 312 S.C. 320, 440 S.E. (2d) 373 (1994); *Adkins v. Varn*, 312 S.C. 188, 439 S.E. (2d) 822 (1993). This statute requires that a child be placed in the R & E center for a period not to exceed forty-five days before final commitment. A judge may waive this requirement under only two circumstances: (1) if the child has been evaluated in the past year; or (2) the child has been discharged or conditionally released from DJJ in the past year. The last evaluation of Kaundra C. took place prior to her sentence in February 1993, more than one year prior to this sentence. She has never been committed to DJJ. Therefore, because neither exception to the requirement of an R & E period is applicable, the R & E period was improperly waived under this statute and the determinate sentence of commitment was improperly imposed.

At this time, Kaundra C. has served the commitment portion of her sentence, and is currently serving the unappealed

probationary portion of her sentence. we do not remand for resentencing because to do so would serve no purpose under these circumstances. Because of the unusual posture of this case, we vacate the portion of the sentence which committed Kaundra C., leaving the remaining probationary sentence place.

Vacated.

HOWELL, C.J., and GOOLSBY, J., concur.