545 S.E.2d 838

**STATE of South Carolina, Magistrate
Mary B. Holmes, Respondent,**

v.

**FIRETAG BONDING SERVICE, Appellant.**

**No. 3323.**

Court of Appeals of South Carolina.

Submitted Jan. 3, 2001.
Decided March 26, 2001.
Rehearing Denied May 23, 2001.

Philip L. Firetag, of Charleston, pro se.

Deputy County Attorney Thomas E. Lynn, of Charleston Heights, for respondent.

PER CURIAM:

Firetag Bonding Service appeals the forfeiture of $525 secured by an appearance recognizance given by Firetag to guarantee the appearance of Alvin L. Gardner to answer charges in magistrate's court for driving under suspension and for transporting in a motor vehicle alcoholic liquors in an open container. The terms of the appearance recognizance, among other things, required Gardner to appear before the magistrate on August 16, 1999 "AND/OR NEXT ENSUING TERM." Gardner did not appear—neither on August 16, 1999, nor on October 18, 1999, the date for which the magistrate rescheduled the case after Gardner initially failed to appear. After Gardner also failed to appear on October 18, 1999, the magistrate tried him in his absence, found him guilty of both offenses, and issued a bench warrant for his arrest. On December 22, 1999, the magistrate ordered the amount of the appearance recognizance forfeited. Firetag appealed the forfeiture to the circuit court. The latter affirmed the magistrate.

The dispositive issue concerns a stamped notation inserted by Firetag on the back of the appearance recognizance. The notation reads: "NOTICE: NO CONTINUANCE WITHOUT PRIOR CONSENT FROM BONDING COMPANY." Firetag argues the notation constituted a binding term within the appearance recognizance and therefore it could not be held to guarantee Gardner's appearance before the magistrate beyond August 16, 1999, unless the magistrate notified Firetag of the continuance of Gardner's case and Firetag approved of the continuance. Here, Firetag claims: (1) the magistrate failed to notify it that Gardner's case had been continued, and (2) it never approved the continuance of Gardner's case to the October date.

We affirm the judgment below.[1]

---

1. Because oral argument would not aid the court in resolving the issues on appeal and because the amount involved in this case does not exceed $1,000, we decide this case without oral argument pursuant to Rule 215, SCACR.

In South Carolina, the conditions of an appearance recognizance, including when a defendant must appear in court to answer the charge or charges, are fixed by law.[2] The applicable statute provides in pertinent part:

Every appearance recognizance or appearance bond will be conditioned on the person charged personally appearing before the court specified to answer the charge or indictment and *to do and receive what shall be enjoined by the court,* and not to depart the State, and be of good behavior toward all the citizens thereof. . . .[3]

As is readily apparent, nothing in this section authorizes a surety, such as Firetag, to set the conditions of an appearance recognizance regarding when and where the defendant must appear. "What" a defendant must "do and receive," *i.e.,* the conditions of the appearance recognizance, are those things "enjoined by the court," not the surety. The stamped notation on the back of the appearance recognizance at issue that seeks to limit the magistrate's authority to continue the defendant's case constitutes, therefore, an unauthorized condition. As such, the notation is nothing more than mere surplusage and in no way affects the validity of the appearance recognizance itself.[4]

Indeed, Gardner's failure to appear on August 16, 1999, was alone a sufficient basis for the magistrate to forfeit the amount of the appearance recognizance,[5] notwithstanding the stamped notation. Gardner's failure to appear did not require the magistrate to continue the case and thus afford both Gardner and Firetag a second chance to avoid forfeiture.

---

2. *See* 8 C.J.S. *Bail* § 98, at 122 (1988) ("The . . . recognizance should contain such conditions as are required by law, and such as are fixed by the order of the court.").

3. S.C.Code Ann. § 17–15–20 (1976) (emphasis added).

4. *See* 8 C.J.S. *Bail* § 100, at 124 (characterizing unauthorized conditions in a bond or recognizance as "mere surplusage," but also stating that such conditions do not undermine the validity of the instrument).

5. *Cf. State v. Holloway,* 262 S.C. 552, 556, 206 S.E.2d 822, 824 (1974) (stating that when an accused is required to appear before a court on a specified date or the next term of court, "the accused was under a legal duty to appear in accordance with the conditions of the bond, without further notice to him or . . . his surety").

Firetag raises several other issues not otherwise embraced within the question discussed; however, we do not address them and affirm pursuant to Rule 220(b)(2), SCACR.[6]

**AFFIRMED.**

GOOLSBY, ANDERSON, and STILWELL, JJ., concur.

---

**6.** *See Hendrix v. Eastern Distribution, Inc.*, 320 S.C. 218, 464 S.E.2d 112 (1995) (holding issues not raised to and ruled on by the trial court are not preserved for appeal); *Englert, Inc. v. Netherlands Ins. Co.*, 315 S.C. 300, 304 n. 2, 433 S.E.2d 871, 873 n. 2 (Ct.App.1993) (holding a "one-sentence argument is too conclusory to present any issue on appeal"); *Williams v. Leventis*, 290 S.C. 386, 390, 350 S.E.2d 520, 523 (Ct.App. 1986) (holding an "argument [that] is embraced in a single sentence on the last page of [appellant's] brief [and] not supported by any authority whatever ... may be viewed as effectively abandoned"); *Nolas Trading Co., Inc. v. South Carolina Dep't of Health & Envtl. Control*, 289 S.C. 345, 345 S.E.2d 507 (Ct.App.1986) (stating the function of appellate courts is to decide actual controversies injuriously affecting the rights of some party to the litigation).