PER CURIAM: North Charleston Sewer District appeals the circuit courts 
grant of summary judgment in favor of Berkley County 

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
North Charleston Sewer District,       
Appellant,
 
 
 

v.

 
 
 
Berkeley County, South Carolina acting by and through the Berkeley County 
 Water and Sanitation Authority,       
Respondent.
 
 
 

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-138
Heard December 8, 2005  Filed February 
 24, 2005

VACATED

 
 
 
Steve A. Matthews, Hamilton Osborne, Jr., and Sarah P. Spruill, 
 all of Columbia, for Appellant.
Arnold S. Goodstein, of Summerville, and Lucas C. Paddgett, 
 Jr., and Michael C. Scarafile, both of Charleston, for Respondent.  
 
 
 

PER CURIAM:  North Charleston Sewer District 
 appeals the circuit courts grant of summary judgment in favor of Berkeley County, 
 arguing the court erred by refusing to strike certain provisions of the parties 
 sewer service agreement and consent order as ultra vires and void as against 
 public policy.  Because this litigation does not present a justiciable controversy, 
 we vacate the trial courts order.  
FACTS AND PROCEDURAL HISTORY
In 1985, the North Charleston Sewer District (the 
 District) entered into a service agreement with the Berkeley County Water and 
 Sanitation Authority (the County) to operate the wastewater management system 
 for certain subdivisions in Berkeley County.  The contract required the District 
 and the County to obtain written permission from one another before expanding 
 service beyond their primary jurisdictions.  In 1994, Berkeley County brought 
 a declaratory judgment action to interpret the agreement, alleging the District 
 breached it by providing service to a naval base in Berkeley County without 
 requesting or obtaining written permission from the County.  By a consent order, 
 the parties agreed to allow the District to continue serving the base, required 
 the District to inform the County in writing when it received a request for 
 sewer service in Berkeley County and in the future obtain written permission 
 before providing additional service outside its primary jurisdiction.  
In 1998, the District brought a declaratory judgment 
 action requesting a modification of the consent order and the original service 
 agreement to eliminate any requirement for written permission prior to their 
 expanding sewer service within Berkeley County, arguing the supreme courts 
 decision in City of Beaufort v. Beaufort-Jasper County Water & Sewer 
 Auth., 325 S.C. 174, 480 S.E.2d 728 (1997), declared such a provision ultra 
 vires and void as against public policy.  The parties stipulated the pertinent 
 facts and made cross motions for summary judgment.  The circuit court granted 
 summary judgment in favor of the County, determining the permission requirement 
 was valid and enforceable even though it bound the Districts future governing 
 boards, because it did not substantially compromise the Districts primary function 
 of providing wastewater management to North Charleston.  The court also found 
 the provision did not offend the supreme courts decision in Beaufort 
 because it did not delegate away those powers and responsibilities for which 
 District was creatednamely, to provide sewer service to the northern part of 
 Charleston County.  
DISCUSSION
The District contends 
 the circuit court erred by granting summary judgment in favor of the County, 
 arguing provisions in the parties service agreement and the consent order impermissibly 
 bind its future governing boards and substantially compromise the Districts 
 central and primary function, contrary to our supreme courts decision in City 
 of Beaufort v. Beaufort-Jasper County Water & Sewer Auth., 325 S.C. 
 174, 480 S.E.2d 728 (1997).  We decline to address the merits of the Districts 
 argument, find the circuit court erred by doing so, and therefore vacate the 
 circuit courts order.
A threshold inquiry 
 for any court is a determination of justiciability, i.e., whether the litigation 
 presents an active case or controversy.  A justiciable controversy is a real 
 and substantial controversy which is ripe and appropriate for judicial determination, 
 as distinguished from a contingent, hypothetical or abstract dispute.  Peoples 
 Fed. Sav. & Loan Assoc. of South Carolina v. Res. Planning Corp., 358 
 S.C. 460, 477, 596 S.E.2d 51, 60 (2004) (internal citations omitted).  To bring 
 a valid cause of action under the Declaratory Judgment Act, a party must demonstrate 
 a justiciable controversy exists.  Southern Bank & Trust Co. v. Harrison 
 Sales Co., 285 S.C. 50, 51, 328 S.E.2d 66, 67 (1985).  
The District has not 
 alleged its intention to expand sewer service further into Berkeley County without 
 obtaining the countys permission.  Nor has the County asserted any claim of 
 a breach of the contested provisions of the agreement or consent order.  Consequently, 
 we are compelled to inquire if any other adverse legal interests exist that 
 create a valid case or controversy.  See Wallace v. City of York, 
 276 S.C. 693, 694, 281 S.E.2d 487, 488 (1981) (holding the function of a court 
 is to decide actual controversies injuriously affecting the rights of some 
 party to the litigation.); Power v. McNair, 255 S.C. 150, 153, 177 S.E.2d 
 551, 552 (1970) (holding parties cannot by consent confer jurisdiction on the 
 court to render a declaratory judgment).  
We simply cannot discern any 
 conflicting contentions between the parties that present a real, presently existing 
 controversy for decision.  Accordingly, any opinion rendered would be advisory 
 only, and would, of necessity, require us to suppose facts and circumstances 
 not yet in existence.  Such a course is impermissible and we must therefore 
 decline to address the issues presented, because they fail to constitute a case 
 or controversy for which meaningful relief can be granted.  In the Interest 
 of Kaundra C., 318 S.C. 484, 486, 458 S.E.2d 443, 444 (Ct. App. 1995) (This 
 court will not issue advisory opinions on questions for which no meaningful 
 relief can be granted.).
VACATED.
ANDERSON, STILWELL, and SHORT, 
 JJ., concur.