THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Eller Media Company and Ed Carver d/b/a Wallpapers by Lynne, Respondents/Appellants,
 
 
 

v.

 
 
 
 City of North Myrtle Beach, Appellant/Respondent.
 
 
 

Appeal From Horry County
 J. Stanton Cross, Jr., Master-in-Equity

Memorandum Opinion No. 2006-MO-038
Heard October 18, 2006  Filed November 13, 2006

VACATED AND DISMISSED 

 
 
 
 Michael W. Battle and Salley W. Peace, both of Battle & Vaught, P.A., of Conway, for Appellant/Respondent.
 Douglas M. Zayicek, of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., of Myrtle Beach, for Respondents/Appellants.
 
 
 

PER CURIAM:  This cross-appeal concerns the validity and construction of zoning ordinances of the City of North Myrtle Beach (City).  The master-in-equity entered an order in favor of Eller Media Company (Eller Media) and Ed Carver, d/b/a Wallpapers by Lynne (Carver).  This Court certified the case for review from the Court of Appeals pursuant to Rule 204(b), SCACR.  We vacate and dismiss.
FACTUAL/PROCEDURAL BACKGROUND
 In 1989, Eller Media erected a billboard on property located on Highway 17 South in the City after obtaining sign permits from the State of South Carolina and the City.  The City subsequently enacted zoning ordinances which regulated in relevant part signs in the City and affected Eller Medias billboard.  
 In April of 1999, Carver bought the property on which Eller Medias billboard was located (hereinafter referred to as Carvers property).  Eller Media then executed a lease with Carver to maintain the billboard on Carvers property.  In January 2001, Carver submitted an application to the City for a sign permit for a freestanding, on-premise, business identification sign on his property.  The Citys zoning administrator told Carver that his sign permit would be denied pursuant to the Citys sign ordinances unless Eller Medias billboard was removed.  
Eller Media filed this declaratory judgment action against the City.  Eller Media sought temporary and permanent injunctions, which would prohibit the City from enforcing its sign ordinances against Eller Media.  In the alternative, Eller Media requested just compensation for a taking.  The circuit court granted Eller Medias motion for temporary injunction.  
The City then granted Carver a permit for a freestanding, on-premise sign.  Carver was subsequently added as a plaintiff in this action, and in their amended complaint, Eller Media and Carver continued to seek a permanent injunction.  The City counterclaimed and requested a court order requiring Carver to remove his sign.
The master-in-equity permanently enjoined the City from enforcing its sign ordinances against Eller Media and Carver.  The master-in-equity found the plain language of the Citys sign ordinances allowed Eller Medias billboard and Carvers freestanding, on-premise, business identification sign to be on the same property.  The master also ruled state law preempted the Citys sign ordinances and state law allowed both signs.  Additionally, the master-in-equity found the City was estopped from revoking Carvers permit.
The City appealed and raised the following issues:

 
 I. 
 Did the master-in-equity err in finding the City’s sign ordinances conflict with and are thus preempted by state law?  
 
 
 II. 
 Did the master-in-equity err in construing the City’s sign   ordinances to allow a freestanding, on-premise, business identification sign and a billboard on the same property?  
 
 
 II. 
 Did the master-in-equity err in estopping the City from revoking Carver’s sign permit?  
 

 Eller Media and Carver cross-appealed and raised the following issue:

 
 I. 
 Did the master-in-equity err in addressing constitutional issues?  
 

LAW/ANALYSIS
Generally, this Court may only consider cases where a justiciable controversy exists.  Byrd v. Irmo High Sch., 321 S.C. 426, 430, 468 S.E.2d 861, 864 (1996).  A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute.  An adjudication that would not settle the legal rights of the parties would only be advisory in nature and, therefore, would be beyond the intended purpose and scope of the Uniform Declaratory Judgments Act.  Sunset Cay, LLC v. City of Folly Beach, 357 S.C. 414, 423, 593 S.E.2d 462, 466 (2004).  The function of appellate courts is not to give opinions on merely abstract or theoretical matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation.  Accordingly, cases or issues which have become moot or academic in nature are not a proper subject of review.  Wallace v. City of York, 276 S.C. 693, 694, 281 S.E.2d 487, 488 (1981).          
We decline to address the issues before us because there is no justiciable controversy.  Eller Media and Carver both have sign permits from the City; Eller Media has a billboard on Carvers property and Carver has a sign on his property.  We find Eller Medias and Carvers request to enjoin the City from enforcing its sign ordinances to be moot.  See Curtis v. State, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) (A case becomes moot when judgment, if rendered, will have no practical legal effect upon [the] existing controversy.  This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief. (quoting Mathis v. S.C. State Hwy. Dept, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973))).  We also find the Citys request for a court order requiring Carter to remove his sign is not ripe.  See Park v. Safeco Ins. Co. of Am., 251 S.C. 410, 414, 162 S.E.2d 709, 711 (1968) (The courts generally decline to pronounce a declaration in a suit wherein the rights of the plaintiff are contingent upon the happening of some event which cannot be forecast and which may never take place.). 
CONCLUSION
We conclude there is no justiciable controversy before us.  We vacate the circuit courts order granting a temporary injunction and the master-in-equitys order granting a permanent injunction and estopping the City from enforcing its sign ordinances, and we dismiss this case.
VACATED AND DISMISSED.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.