THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 James H. Wright
 A.K.A. James Muhammad, Appellant.
 
 
 

Appeal From Aiken County
 Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2008-UP-281
Submitted May 1, 2008  Filed June 2, 2008    

APPEAL DISMISSED

 
 
 
 Appellate Defender Eleanor Duffy Cleary, of Columbia, for
 Appellant.
 Solicitor Barbara R. Morgan, of Aiken, Monique Danielle Montgomery,
 of Columbia, for Respondent.
 
 
 

PER CURIAM: The lower court found by clear and
 convincing evidence that James Wright, A.K.A. James Muhammad, (Wright) was mentally
 ill.  Wright appeals, we
 dismiss this appeal.  
FACTS
Wright was found not guilty by reason of insanity of assault and
 battery of a high and aggravated nature.  Wright was committed to the
 Department of Mental Health (the Department).  Wright was conditionally
 discharged from the Department in July 1999 and readmitted in June 2004. 
 Wright was again conditionally discharged in April 2005 and readmitted in
 November 2005 as a result of noncompliance with prior discharge orders.  
A hearing was held to determine whether Wright should remain
 hospitalized or be conditionally discharged.  The lower court found by clear
 and convincing evidence that Wright was mentally ill and ordered him to remain
 committed for treatment.  Wright argues the lower courts decision is in
 error.                       
LAW/ANALYSIS
The maximum length of supervision or confinement for an individual
 found not guilty by reason of insanity is limited to the maximum sentence the
 individual could have received for the charged offense.  S.C. Code Ann. §
 17-24-50 (1976).  In the present case, Wright was found guilty of assault and
 battery of a high and aggravated nature on June 17, 1997.  The maximum sentence
 Wright could have received for this offense was ten years.  Thus, the last day
 on which Wright could have been subjected to commitment was June 17, 2007.  Id.  Wright was released from inpatient hospitalization on October 30, 2006. 
 (Appellants Br. at 4 and Respts brief at 5)
A moot case exists where a judgment rendered by the court will
 have no practical legal effect upon an existing controversy because an
 intervening event renders any grant of effectual relief impossible for the
 reviewing court.  Sloan v. Friends of Hunley, Inc., 369 S.C. 20, 26,
 630 S.E.2d 474, 477 (2006). The passage of time has made the issue presented on
 appeal moot because pursuant to section 17-24-50, the last day on which Wright
 could have been hospitalized was June 17, 2007.  Appellate courts do not adjudicate
 moot questions.  Nolas Trading Co., Inc. v. S.C. Dept of Health &
 Envtl. Control, 289 S.C. 345, 347, 345 S.E.2d 507, 508 (Ct. App. 1986)
 (The function of appellate courts is not to give opinions on abstract
 questions, but to decide actual controversies injuriously affecting the rights
 of some party to the litigation; accordingly, issues which have become moot are
 not a proper subject of review.).  
APPEAL
 DISMISSED.[1] 
WILLIAMS,
 THOMAS, and, PIEPER, JJ., concur.

[1] We decide this case without oral arguments pursuant
 to Rule 215, SCACR.