**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Martha Smith, Kathleen Post, and William Post, Appellants,

v.

Town of Sullivan's Island, Respondent.

Appellate Case No. 2014-002128

———————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-443
Submitted September 1, 2016 – Filed October 26, 2016

———————

**DISMISSED**

———————

J. Rutledge Young, III, and Julie Lauren Moore, of Duffy & Young, LLC, of Charleston, for Appellants.

George Trenholm Walker and John Phillips Linton, Jr., of Pratt-Thomas Walker, PA, of Charleston; and Lawrence A. Dodds, Jr., of Dodds Hennessy & Stith, LLP, of Mt. Pleasant, for Respondent.

———————

**PER CURIAM:** Martha Smith, Kathleen Post, and William Post (Appellants) appeal the trial court's order finding the Town of Sullivan's Island (the Town) did

not violate any of their rights under state statutes allowing for the registered voters of a municipality to propose ordinances.  Appellants argue the trial court erred in finding the Town complied with the statutes because the Town did not (1) pass an elector initiated ordinance, (2) conduct a referendum within one year of receiving the initiated ordinance, or (3) obtain a pre-election ruling that the initiated ordinance was facially defective.  Additionally, Appellants request the case be remanded for a determination of an award of costs recoverable under section 15-53-100 of the South Carolina Code (2005).

Initially, we note Appellants have not challenged the trial court's finding that the initiated ordinance was facially invalid.  Therefore, we conclude this finding to be the law of the case.  *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").  Because the initiated ordinance is facially invalid, the Town was under no obligation to place the initiated ordinance on a referendum.  *See Town of Hilton Head Island v. Coal. of Expressway Opponents*, 307 S.C. 449, 456, 415 S.E.2d 801, 806 (1992) (holding the town had no obligation to place an initiated ordinance on a referendum because the initiated ordinance was facially defective in its entirety).  Accordingly, we find any question regarding the propriety of the Town's actions to be purely academic because the initiated ordinance was facially invalid and the Town was under no obligation to place it on a referendum.  Therefore, we find this question is moot and not a proper subject for review.  *See Wallace v. City of York*, 276 S.C. 693, 694, 281 S.E.2d 487, 488 (1981) ("[C]ases or issues which have become moot or academic in nature are not a proper subject of review.").

With respect to Appellants' request the case be remanded for a determination of an award of costs recoverable under section 15-53-100 of the South Carolina Code (2005), we note "[i]n South Carolina, the authority to award attorney's fees can come only from a statute or be provided for in the language of a contract. There is no common law right to recover attorney's fees." *Harris-Jenkins v. Nissan Car Mart, Inc.*, 348 S.C. 171, 176, 557 S.E.2d 708, 710 (Ct. App. 2001).  Section 15-53-100 allows a court to make an "award of costs as may seem equitable and just." Generally, "[a] claim for statutory attorneys' fees is an action at law resting within the sound discretion of the trial court and may not be disturbed on appeal absent an abuse of discretion." *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 436, 673 S.E.2d 448, 458 (2009).  We note the trial court denied recovery of costs below.  Because we find no abuse of discretion, Appellants' request to remand for a determination of an award of costs is denied.

**DISMISSED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.