THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Melissa Burris, Respondent,

v.

South Carolina Department of Probation, Parole and Pardon Services, Appellant.

Appellate Case No. 2018-000660

---

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

---

Unpublished Opinion No. 2021-UP-062
Heard December 7, 2020 – Filed March 10, 2021

---

**DISMISSED**

---

General Counsel Matthew C. Buchanan and Tommy Evans, Jr., both of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Appellant.

Tommy Arthur Thomas, of Irmo, for Respondent.

---

**PER CURIAM:** The South Carolina Department of Probation, Parole and Pardon Services (the Department) appeals an administrative law court (ALC) order reversing and remanding the parole board's (the Board's) final decision in which it

rescinded Melissa Burris's conditional parole and denied her parole. On appeal, the Department argues the ALC erred in determining Dr. Robin Lyn Moody was not qualified to conduct a psychological examination pursuant to section 24-21-610 of the South Carolina Code (2007).[1]

"Before any action can be maintained, there must exist a justiciable controversy." *Byrd v. Irmo High Sch.*, 321 S.C. 426, 430, 468 S.E.2d 861, 864 (1996). "A case becomes moot when judgment, if rendered, will have no practical legal effect upon [the] existing controversy." *Sloan v. Greenville County*, 356 S.C. 531, 552, 590 S.E.2d 338, 349 (Ct. App. 2003) (alteration in original) (quoting *Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001)). "The function of appellate courts is *not to give opinions on merely abstract or theoretical matters*, but only to decide actual controversies injuriously affecting the rights of some party to the litigation." *Id.* (quoting *Wallace v. City of York*, 276 S.C. 693, 694, 281 S.E.2d 487, 488 (1981) (per curiam) (emphasis added)).

We find the instant case is not justiciable because the issue presented is moot. On appeal, the Department solely requests a determination of whether Dr. Moody is qualified to conduct a psychological examination pursuant to section 24-21-610, specifying that it does not seek a change to Burris's current paroled status. The Department's appeal essentially requests an advisory opinion as to whether it may use Dr. Moody as an evaluator in future cases, which will have no functional effect on the matter between the parties in this appeal. Therefore, based upon the nature of the question presented, we find appellate review by this court would be improper. *See id.* ("[C]ases or issues which have become moot or academic in nature are not a proper subject of review." (quoting *Wallace*, 276 S.C. at 694, 281 S.E.2d at 488)).

Accordingly, the Department's appeal is

**DISMISSED.**

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] § 24-21-610 ("Notwithstanding any other provision of this section or of law, no prisoner who has served a total of ten consecutive years or more in prison may be paroled until the Board has first received a report as to his mental condition and his ability to adjust to life outside the prison from *a duly qualified psychiatrist or psychologist*." (emphasis added)).