**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Travis J. McCory and Alicia S. McCory, Respondents,

v.

Charleston County School District Board of Trustees, Dr. Gerrita Postlewait, in her capacity as Superintendent of Charleston County School District, and Kim Jackson, in her capacity as Principal of Mt. Pleasant Academy, Appellants.

Appellate Case No. 2018-001784

———————————

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-224
Submitted April 1, 2021 – Filed June 16, 2021

———————————

**DISMISSED**

———————————

Dwayne Traynor Mazyck, John Marshall Reagle, and Thomas Kennedy Barlow, all of Halligan Mahoney & Williams, of Columbia, for Appellants.

Randolph W. Cooper, of Daniel Island, for Respondents.

———————————

**PER CURIAM:** In this civil matter, Alicia and Travis McCory (Parents) brought a declaratory judgment action against the Charleston County School District Board of Trustees (the Board) to determine their child's (Daughter's) right to attend a particular school within the Charleston County school district (the District). The circuit court granted declaratory relief to Parents and ordered Daughter's immediate entry to Mt. Pleasant Academy (MPA). The Board now appeals the circuit court's order.

"Before any action can be maintained, there must exist a justiciable controversy." *Byrd v. Irmo High Sch.*, 321 S.C. 426, 430, 468 S.E.2d 861, 864 (1996). "A case becomes moot when judgment, if rendered, will have no practical legal effect upon [the] existing controversy." *Sloan v. Greenville County*, 356 S.C. 531, 552, 590 S.E.2d 338, 349 (Ct. App. 2003) (alteration in original) (quoting *Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001)). "The function of appellate courts is *not to give opinions on merely abstract or theoretical matters*, but only to decide actual controversies injuriously affecting the rights of some party to the litigation." *Id.* (quoting *Wallace v. City of York*, 276 S.C. 693, 694, 281 S.E.2d 487, 488 (1981) (per curiam) (emphasis added)).

Parents pursued Daughter's entry to MPA through two methods: a transfer application within the District and a general application for admission to MPA, which is at issue in this appeal. Prior to this action, the District granted the transfer request but could not immediately enroll Daughter at MPA due to overcapacity. Therefore, the District placed Daughter on a waiting list. Following the filing of this appeal, MPA admitted Daughter off of the waitlist, eliminating any justiciable controversy between the parties. Accordingly, we dismiss the Board's appeal as moot. *See id.* ("[C]ases or issues which have become moot or academic in nature are not a proper subject of review." (quoting *Wallace*, 276 S.C. at 694, 281 S.E.2d at 488)).

**DISMISSED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.